SOUTHERN PHOTO MATERIAL CO. v. EASTMAN KODAK CO. OF
NEW YORK.

(District Court, N. D. Georgia.   June 26, 1915.)

No. 166.

1. COURTS ⟨⟩338—FEDERAL COURTS—JURISDICTION OF STATE COURTS—CON-
CLUSIVENESS.

Notwithstanding the conformity statute (Rev. St. § 914 [Comp. St. 1913,
§ 1537]), state decisions and statutes are not conclusive on federal courts
on questions of jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 901; Dec. Dig.
⟨⟩338.]

2. JURY ⟨⟩16—SERVICE OF PROCESS—SUFFICIENCY—QUESTION FOR COURT.

The issue of sufficiency of service of process on a foreign corporation,
specially appearing to challenge the service and denying that it has
either an office or place of business or agent or agency in the state, must
be determined by the court without a jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 84–94; Dec. Dig.
⟨⟩16.]

At Law.   Action by the Southern Photo Material Company against
the Eastman Kodak Company of New York.   On challenge as to suf-
ficiency of service of process.   Question for court alone.

J. A. Fowler and King & Spalding, all of Atlanta, Ga., for plaintiff.
Smith, Hammond & Smith, of Atlanta, Ga., for defendant.

NEWMAN, District Judge.   In this case (which is a common-law
case) there is a traverse to the return of service by the marshal; the
defendant being a New York corporation, and the service being made
on Frank Luckiesh at what is stated to be "the office and place of
doing business of this corporation in Atlanta, Fulton county, Georgia."
The defendant, by counsel, makes a special appearance for the pur-
pose of challenging the service, and denies that it has either an office
or place of business, or any agent or agency, in the state of Georgia,
etc.

[1] The question presented now for determination is whether or
not this question as to whether the defendant was properly served
should be heard by the court or must be tried by a jury.   It is con-
tended by the plaintiff that under the law of the state a jury trial is
required.   This question of following the state law is controlled abso-
lutely, in my opinion, by the case of Mechanical Appliance Company
v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. 272.   The
language of two headnotes of that case will show what was determined
on this question.   They are as follows:

"Notwithstanding the conformity act (section 914, Rev. St.), decisions and
statutes of states are not conclusive upon the federal courts in determining
questions of jurisdiction.

"Even if by the law of the state the sheriff's return is conclusive, and can-
not be attacked, after removal into the federal court, that court can determine
whether a defendant was properly served; and if, as in this case, it appears
that the corporation was not doing business in the state the court should
dismiss the bill, for want of jurisdiction by proper service."

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] Upon the general question of whether, in the federal courts, the court should hear and determine such question or submit it to a jury, the cases of Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, Green v. Chicago, etc., Railway Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916, and Mechanical Appliance Co. v. Castleman, supra, are, in my opinion, controlling. True, the question is not distinctly and directly raised in these cases; but in each of them an issue like this was heard by the court, without a jury, and nowhere was the question even raised that such action by the court was illegal or improper in any way. It seems to me to be the settled practice so far as I can understand it. A recent case has just been handed me of Kirby v. Louismann-Capen Co., 221 Fed. 267, in which a similar question seems to have been heard by Judge Evans, in the Western district of Kentucky, without the aid of a jury, and heard on affidavits.

It is clear to me that it is the duty of the court to pass upon the sufficiency of this service without the aid of a jury.