## MORFESSIS v. MARVINS CREDIT, Inc.

### No. 982.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 30, 1950.
Supplemental Record Filed Nov. 27, 1950.

Decided Dec. 12, 1950.

Ewing Laporte, Washington, D. C., for appellant.

Abraham Chaifetz, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This appeal raises the question, among others, of the validity of service of process upon appellant. The marshal's return showed service by leaving copies of summons and complaint "at his (appellant's) usual place of abode with Katina Tsoulis a person of suitable age and discretion then residing therein at 809 3rd St., S. E."[1]

Appellant moved to quash service on the ground that he did not and never had lived at said address, that Katina Tsoulias did not reside there, and that said address was a place of business and the abode of no one.

At hearing on the motion a deputy marshal testified he left copies of summons and complaint with Katina Tsoulias at appellant's place of business, that she said appellant very seldom came in and she would accept the papers for him, and that she gave the marshal the following written statement:

"Miss Katina Tsoulias

"I received summons A29-200 for Telemachas Morfessis, 809 3rd St. S. E. Wash. D. C. on April 26th 1950. I shall take full responsibility."

Miss Tsoulias testified that she had been employed by appellant for two or three years and that appellant had instructed her to receive and accept "all business papers," that she received the summons and complaint from the marshal and gave him the writing above quoted, that she had never before received similar papers, and that appellant did not "bawl her out" for receiving them.

Appellant testified that he received the papers from Miss Tsoulias who was his secretary and sole office employee, that he had instructed her to accept "all of his business papers and mail," and that he had never instructed her not to accept service of legal papers.

On this testimony the trial court permitted the marshal to amend his return by adding after the name of Miss Tsoulias the words "who stated she was authorized to accept service." Thereupon the court denied the motion to quash, ruling that the evidence established an agency to accept service. Thereafter appellant filed an answer, trial was had and judgment went against appellant.

Appellee insists that appellant waived any defect in service of process by answering and defending on the merits after his motion to quash was overruled. This contention is without merit. It has long been the rule that a properly presented objection to the validity of service of process is not waived by defending on the merits after overruling of the objection.[2] Furthermore, the rules of the trial court provide that no defense or objection is waived by being joined with one or more defenses or objections in a responsive pleading or motion.[3]

The trial court apparently sustained the service of process under that portion of its rule 4(c) (1) which permits service on an individual by delivering copy of the summons and complaint "to an agent authorized by appointment or by law to receive service of process." As no claim is made that appellant's secretary was authorized by law to receive service, the question is whether she was authorized by appointment. The quoted portion of the rule is taken verbatim from F.R.C.P. 4(d) (1). There is a scarcity of cases construing that portion of the rule, but Moore's Federal Practice (2d Ed.), Vol. 2, § 4:12, says: "The phrase 'an agent authorized by *appointment* to receive service of proc-

1. See Municipal Court Rule 4(c) (1) based on F.R.C.P. 4(d) (1), 28 U.S.C.A.

2. Harkness v. Hyde, 98 U.S. 476, 25 L. Ed. 237; See also Ellerbe v. Goldberg, D.C.Mun.App., 60 A.2d 232.

3. Municipal Court Rule 12(b), based on F.R.C.P. 12(b). See Vilter Mfg. Co. v. Rolaff, 8 Cir., 110 F.2d 491; Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871, certiorari denied Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573.

ess' is intended to cover the situation where an individual *actually* appoints an agent for that purpose." Barron and Holtzoff's recent work on Federal Practice and Procedure, Vol. 1, § 177, points out that the agent of an individual for other purposes is not necessarily authorized to receive service.

In this case there is no evidence of any actual appointment by appellant of Miss Tsoulias as agent to receive service. Her statement, if she made such a statement, that she was authorized to receive service was nothing more than her conclusion and was not binding on appellant. The fact that she was appellant's secretary and only office employee in no way tended to establish her agency to receive service of process; and her authority to receive "business papers and mail" cannot be construed to include authority to receive service of process.[4] The fact that appellant never instructed his secretary not to accept service of legal papers is of no consequence. It does not follow that such an employee has authority to do something simply because she was not forbidden to do it. And the fact that appellant took the papers from his secretary and did not reprimand her for having received them is likewise without significance. We see no evidence in the record justifying a finding that appellant's secretary was his agent authorized by appointment to receive service of process. If it were otherwise, then almost anyone who employs a secretary whose duties include receiving mail and business communications would find himself having unknowingly and unintentionally appointed an agent with authority to receive service of process. Such a result in our opinion was not intended by the rule.

In view of our holding that the court was without jurisdiction over appellant, it is unnecessary to consider the assigned errors relating to the trial.

Since argument appellee has filed a motion to dismiss the appeal on the ground that the judgment has been satisfied by execution. An involuntary satisfaction of judgment does not render the appeal moot.[5]

Judgment reversed with instructions to grant the motion to quash service of process on appellant.

4. Cf. Fleming v. Malouf, D.C.W.D., N.Y., 7 F.R.D. 56.

5. Lalekos v. Manset, D.C.Mun.App., 47 A. 2d 617; King v. McKnight, D.C.Mun. App., 61 A.2d 714.