David L. SHANKLIN, Appellant,

v.

Robert D. BENDER, Appellee.

No. 5783.

District of Columbia Court of Appeals.

Argued Aug. 10, 1971.

Decided Nov. 15, 1971.

Fred C. Sacks, Washington, D. C., for appellant; Katherine M. Greene, Washington, D. C., was on the brief.

Edward J. Lopata, Washington, D. C., for appellee. Richard W. Boone, Washington, D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, and KERN and PAIR, Associate Judges.

KERN, Associate Judge:

Appellant and appellee were involved in an automobile accident on a highway in the state of Illinois in 1963. Six years later, appellee sued appellant, who was then and had been for several years a District of Columbia resident, in the Circuit Court of Marion County, Illinois. He sought to recover damages to his auto allegedly incurred as a result of appellant's negligence in that accident. It is uncontradicted in the record before us that appellant received no notice of this lawsuit against him and that appellee recovered judgment against appellant in Illinois by default. Thereupon, within approximately three months, appellee sued appellant in the District of Columbia Court of General Sessions upon the Illinois judgment and personally served him in the District.

The applicable Illinois statute providing for service of process on nonresidents using Illinois highways provides in pertinent part:

Service of such process shall be made by serving a copy upon the Secretary of State * * * and such service shall be sufficient upon said person, if notice of such service and a copy of the process are, within 10 days thereafter, sent by registered mail by the plaintiff to the defendant, at the last known address of the said defendant, and the plaintiff's affidavit of compliance herewith is appended to the summons. [2 Ill.Rev.Stat., ch. 95½, § 10–301(b) (1967–70).]

The Illinois judgment introduced by appellee into evidence at the trial in the District of Columbia Court of General Sessions does not contain the "last known address" of appellant to which appellee allegedly sent by registered mail a copy of his Illinois complaint. The Statement of Evidence and Proceedings shows appellee introduced no evidence at trial except the Illinois judgment. Although the trial court states in its order that "appellee caused a notice to be sent to [appellant's] mother's home,"[1] appellee's counsel during argument before us stated with commendable candor that no evidence was introduced to show where the notice of the Illinois suit had been sent. We cannot fairly conclude upon the record before us what address appellee had designated as appellant's last known address in attempting to effect service of his Illinois complaint.

We start with the proposition that a foreign judgment, valid on its face, will be given full faith and credit in the District of Columbia unless it is proven in our courts that under the law of the jurisdiction which rendered the judgment, the foreign court did not have jurisdiction over the parties or over the subject matter of the case. Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); Franklin National Bank v. Krakow, 295 F.Supp. 910 (D.D.C.1969). Appellee argues the Illinois court specifically recited in its judgment that notice had been sent to appellant's

---

1. Pretrial discovery showed that appellant had been in the Army from 1960 to 1966, during which time he had had overseas duty. He gave to the Army his mother's address as his address at both the time of entry into and discharge from the service. However, immediately upon his discharge in 1966 he took up residence in Northeast Washington, and remained at that same address through the date of trial here.

"last known address" and therefore this finding by the Illinois court that he had complied with the Illinois statute is conclusive on the question of Illinois jurisdiction.

■ We disagree with appellee. Although the issue of whether the Illinois court had jurisdiction in the original action is one of fact and the trier of fact here may give weight to the foreign court's finding that it had jurisdiction, the foreign court's finding is not conclusive, where it is contradicted by extrinsic evidence. Williams v. North Carolina, *supra,* 325 U.S. at 229, 65 S.Ct. 1092; Franklin National Bank v. Krakow, *supra,* 295 F.Supp. at 916; Koehne v. Price, D.C.Mun.App., 68 A.2d 806, 812 (1949). In this case, appellant introduced evidence that he had resided at the same address in Washington, D. C., continuously for more than three years before appellee initiated suit in Illinois and that he had never received notice of that suit. Moreover, we note from the pleadings that about 90 days after appellee had recovered his default judgment in Illinois he was able to effect personal service of the complaint and summons in his suit on that judgment upon appellant in Washington, D. C. In the absence from the record of where appellee sent his notice and under the circumstances detailed above we do not believe appellee met *his* burden of proof that the Illinois court had jurisdiction over appellant. Waltemeyer v. Stogner, D.C.Mun.App., 87 A.2d 175 (1952).[2]

■ We also note that the trial court ruled that the burden was on *appellant* to

show that when appellee filed suit in Illinois he knew appellant's address to be in Washington, D. C. This ruling appears contrary to Illinois law which of course must be applied to the jurisdictional issue Franklin National Bank v. Krakow, *supra.* The Illinois Supreme Court has stated that one who gives constructive notice under the statute for service of process on nonresident motor vehicle operators must show strict compliance with every requirement of the statute. Rompza v. Lucas, 337 Ill. App. 106, 85 N.E.2d 467 (1949). This is in keeping with the general notion declared by other courts that statutes providing for substituted service of original notice present a method of procedure that is extraordinary in character and therefore can be justified only by requiring plaintiffs to comply strictly with the procedural requirements of the statute, Glenn v. Holub, 36 F.Supp. 941 (S.D.Iowa 1941). We note that the Illinois courts have long required that *reasonable diligence* must be exercised by plaintiffs in endeavoring to learn the place of residence of defendants upon whom process is to be served. Connely v. Rue, 148 Ill. 207, 35 N.E. 824, 827 (1893); People ex rel. Carpentier v. Windy City Motor Service, Inc., 22 Ill.2d 209, 174 N.E.2d 839 (1961). We believe that the notice of reasonable diligence declared in these general "service of process" decisions would be carried over into the nonresident motorist statute if an Illinois court were presented with the question, especially in view of the *Rompza* holding of strict compliance with the statute.

■ While we have found no Illinois case construing the meaning of the words

2. * * * The right of one sued on a foreign judgment to question the jurisdiction of the court to render such judgment is clear. Generally there is a presumption that a court of general jurisdiction * * * had jurisdiction of the subject matter and the parties and such presumption is conclusive until lack of jurisdiction is affirmatively shown. To this general rule, however, there is an exception, stated by Freeman as follows: "Whenever it appears from an inspection of the record of a court

of general jurisdiction that the defendant against whom a personal judgment or decree was rendered was at the time of the alleged service without the territorial jurisdiction and thus beyond the reach of its process and that he never appeared in the action, the presumption of jurisdiction over his person ceases, and the burden of establishing jurisdiction is cast upon the party who invokes the benefit or protection of the judgment or decree." [87 A.2d at 176]. (Footnote omitted.)

"last known address," as used in Section 10–301 of the Illinois statute here in dispute, the Illinois Supreme Court has *rejected* the contention that a defendant's "usual place of abode" under a similar service of process statute was that address listed under his name in the telephone directory and where his daughter resided, when defendant had permanently moved elsewhere *five months before* service was made, Mahler v. Segel, 333 Ill.App. 138, 76 N.E.2d 795 (1948). *See generally* Mouldings Division of Thompson Ind. v. Review Board, 122 Ind.App. 497, 106 N.E.2d 402 (1952); Hendershot v. Ferkel, 74 Ohio App. 106, 57 N.E.2d 819 (1943), rev'd on other grounds, 144 Ohio St. 112, 56 N.E.2d 205 (1944); Glenn v. Holub, *supra* 36 F.Supp. at 941; Hartley v. Vitiello, 113 Conn. 74, 154 A.2d 255 (1931); State ex rel. Cronkhite v. Belden, 193 Wis. 145, 211 N.W. 916 (1927). We conclude upon consideration of the Illinois decisions in this area that Section 10–301 requires the plaintiff to use reasonable diligence in ascertaining the last address of the defendant, which is known by those who could reasonably be expected to know it. See Hartley v. Vitiello, *supra*, Mouldings Division of Thompson Ind. v. Review Board, *supra*.

To recapitulate, we cannot say upon this record that appellee met his burden, as he was required to do, of proving that the Illinois court had acquired jurisdiction over appellant when it entered default judgment against him. In addition, appellee failed to show, according to the Illinois law as we interpret it, that he had exercised reasonable diligence in ascertaining appellant's last address from sources which could reasonably be expected to know it. Since the burden of proof was mistakenly placed upon appellant rather than appellee and it is not clear from this record whether the trial court's ruling prevented appellee from proving his case we think that justice would best be served if the parties have a second opportunity to develop properly the facts of the case. Accordingly, the judgment must be reversed and the case remanded for a new trial.

Reversed and remanded.