**Ralph A. VARONE, Appellant,**

v.

**Alice E. VARONE et al., Appellees.**

**No. 6390.**

District of Columbia Court of Appeals.

Argued Aug. 8, 1972.

Decided Oct. 31, 1972.

Ralph A. Varone, pro se.

Samuel Green, Washington, D. C., with whom Nancy A. Thompson, Washington, D. C., was on the brief, for appellees.

Before REILLY, Chief Judge, and KERN and GALLAGHER, Associate Judges.

REILLY, Chief Judge:

After approximately ten years of divorce litigation in three different jurisdictions, this case is before us on an appeal by the husband from a judgment of the Superior Court enforcing on behalf of the wife certain decrees rendered in her favor by a state court in Michigan and a United States district court in Illinois.

The background of the judgment of the court below which we are urged to reverse or to modify is a complicated one. The controversy began in 1962, when the wife filed suit for divorce in a Michigan court. The husband, having been personally served with process, filed an answer. In 1964, that court entered a "Judgment of Divorce" which, *inter alia*, ordered the husband to convey to the wife certain realty situated in Michigan and Illinois, to pay alimony of $150 per month, and $25 per week for the support of each of their two minor children. Prior to the entry of this decree the husband moved to Illinois and later to the District of Columbia.

The wife then brought suit on the judgment in an Illinois state court. The husband, served by publication here, removed the case to the United States District Court for the Northern District of Illinois. That court held that the Michigan judgment was entitled to full faith and credit and ordered the husband to convey the Illinois realty. The Court of Appeals for the Seventh Circuit affirmed, rejecting the husband's argument that the Michigan court lacked jurisdiction over the parties. Varone v. Varone, 359 F.2d 769 (7th Cir. 1966). Shortly thereafter, the wife petitioned the district court to order the husband to pay her alimony and child support arrearages, her attorney's fees and costs, and the rent he had been receiving from the realty. A hearing was held on November 18, 1966, at which the husband did not appear, although he had received written notice. The court entered a judgment for $24,017.11—the total of the following items: Alimony arrearages: $4,050; Child support arrearages: $4,540; Rents from Illinois realty: $10,575; and Legal costs: $4,852.11. The husband appealed, this time contesting the jurisdiction of the district court. The federal court of appeals again affirmed, holding that he had waived any question of jurisdiction by his conduct, and awarded costs to the wife of $203. Varone v. Varone, 392 F.2d 855 (7th Cir. 1968), cert. denied, 393 U.S. 872, 89 S.Ct. 162, 21 L.Ed.2d 141, rehearing denied, 393 U.S. 972, 89 S.Ct. 403, 21 L.Ed.2d 387 (1968).

On February 23, 1971, the wife filed a "Complaint for Enforcement of Foreign Decrees, and for Arrears of Foreign Decrees," on behalf of herself and the children, in the court below. The complaint recited the Michigan judgment of divorce, the district court's judgment, and the mandate of the United States Court of Appeals and prayed, *inter alia*, for a money judgment totaling $35,920.11. Apparently foreseeing some difficulty in meeting the husband's contention (contained in his answer) that Michigan alimony and child support awards are not final judgments upon which an action can be maintained in the District of Columbia, the wife went back to the Michigan court to have the arrearages reduced to a final money judgment. The husband, then living in Maryland, received written notice of a hearing to be held in Michigan on this new petition but refused to attend, asserting that the Michigan court had no jurisdiction over him. On October 28, 1971, the Michigan court, claiming continuing jurisdiction over the husband, entered a final judgment in the amount of $21,740, based upon arrears in alimony of $12,740 and in child support of $8,785.[1]

At the trial here, the wife's counsel moved to amend the amount prayed for in

---

1. The sum of these two items is actually $21,525, not $21,740.

order to reflect the amounts recited in the Michigan final judgment, but never specifically amended the complaint to include such judgment. It was received into evidence, however, along with the original Michigan divorce decree and the judgment of the district court in Illinois. The husband introduced numerous exhibits, including a "Satisfaction of Judgment" from the district court in the amount of $5,203, representing an appeal bond posted by him and later paid to the wife, and some 27 pages of copies of cancelled checks, which he alleged showed that he was entitled to credit for child support payments made, and overhead expenditures on the rental properties. On February 7, 1972, the trial court found that the final judgment of the Michigan court, the judgment of the district court, and the mandate of the court of appeals were all entitled to full faith and credit, and entered judgment for the wife in the amount of $32,167.11, calculated as follows: Alimony and child support: $21,740; Rents and legal costs: $15,427.11; Appellate costs: $203; less credit for appeal bonds collected: $5,203.

■ The husband argues that the alimony and child support awards of the original Michigan judgment of divorce were not final, being subject to modification by the Michigan court, even as to accrued installments, and hence not entitled to full faith and credit. This point, however, is academic since the court below did not rely on the original decree but on the final judgment for arrearages. There is no doubt that alimony and child support arrearages, even though retroactively modifiable, can be reduced to a final judgment which is then entitled to full faith and credit like any other judgment. Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944); Brown v. Brown, D.C.Mun.App., 75 A.2d 140 (1950).

■ The husband also contends that the Michigan final judgment should not have been enforced by the trial court, as it was not referred to in either the original or amended complaint here. Nevertheless, the amounts prayed for in the complaint were amended to reflect the amounts shown in the final Michigan judgment, which was later admitted as an exhibit in the trial court. On neither occasion did the husband object. This is a case where an issue not raised by the pleadings was tried by the implied consent of the parties. When this happens, a motion to amend the pleadings to conform to the proof is in order, but failure to amend does not affect the result of the trial. Superior Court Civil Rule 15 (b).

■ The husband also urges us to deny full faith and credit to the ultimate judgment of the Michigan court as that tribunal lacked personal jurisdiction over him when such judgment was entered. While it is fundamental that our courts may inquire into the jurisdiction of a foreign court before enforcing a judgment of the latter, the jurisdictional standards to be applied are not our own but those of the foreign forum, if such standards comply with constitutional due process. Shanklin v. Bender, D.C.App., 283 A.2d 651 (1971); Franklin National Bank v. Krakow, 295 F.Supp. 910 (D.D.C.1969). In Michigan, courts granting divorces are deemed to have continuing jurisdiction over the parties and further proceedings are not considered to be new and independent actions. Notice by mail to the parties in such further proceedings is permitted by court rule (Michigan General Court Rule 107) and has been held to comply with due process requirements. Gmelin v. Gmelin, 324 Mich. 590, 37 N.W.2d 561 (1949). Accordingly, the court below did not err in according full faith and credit to the Michigan final judgment.[2]

This case is distinguishable from that presented in Shanklin v. Bender, *supra*, where the appellant received no notice of a suit initiated against him in Illinois, and it

---

2. The husband's other arguments with regard to the jurisdiction of the Michigan court to render the judgment, and of the court below to enforce it, are groundless and we deem it unnecessary to consider them here.

was unclear from the record whether appellee had complied with the Illinois "long-arm statute." What was sent to, and admittedly received by, appellant here, was not original process but merely notice of a further proceeding held pursuant to the Michigan court's continuing jurisdiction. In such situations all that is required is "some form of notice by personal or substituted service" and an opportunity to be heard. Griffin v. Griffin, 327 U.S. 220, 228, 66 S.Ct. 556, 90 L.Ed. 635 (1946); Fuller v. Fuller, D.C.App., 190 A.2d 252 (1963); Darden v. Darden, D.C.Mun.App., 144 A.2d 697 (1958).

■ Appellant also asserts that the judgment of the United States District Court in Illinois was not enforcible because he was originally served by publication in the District of Columbia and did not appear in person. The record shows, however, that it was on his own motion that the case was removed from the state court to the federal court, that he appeared by counsel and participated in the case, and that he unsuccessfully raised the question of jurisdiction on appeal. Clearly, he has had his "day in court" on the jurisdictional question. We hold that he cannot relitigate that question by collateral attack. Stoll v. Gottlieb, 305 U.S. 165, 172, 59 S.Ct. 134, 83 L.Ed. 104 (1938); Pardo v. Wilson Line of Washington, Inc., 134 U.S.App.D.C. 249, 414 F.2d 1145 (1969).

Appellant also argues that even if entitled to full faith and credit, the Illinois judgment is barred by the general three-year statute of limitations contained in D.C.Code 1967, § 12–301(8). This position is plainly untenable, for D.C.Code 1967, § 12–307 provides that in suits for enforcement of foreign judgments the statute of limitations of the jurisdiction where rendered is controlling. Since the applicable Illinois statute is seven years,[3] it is obvious that a judgment rendered in 1966 would not be barred in that state and therefore is not barred here.

■■ Another ruling assigned as error was a refusal to grant a continuance to enable the husband to call the wife, who was not in the courtroom, as an adverse witness. The granting of continuances is committed to the discretion of the trial judge and there was no abuse of that discretion here. The husband proffered that the wife could testify as to *his* changed financial circumstances. Even assuming she could give any competent testimony on this subject, it would have been irrelevant, for the only issues before the trial court were whether the judgments were valid and, if so, whether such judgments had been satisfied in whole or in part.

Finally, the husband attacks the judgment of the court below as to amount. He states that he should have been given a credit of $5,203 for the appeal bond which was later paid to his wife. The order of the court below clearly shows that he was given credit in that amount. He also claims a credit, presumably on the Michigan judgment, of $1,400 for child support payments made, and a credit on the Illinois judgment of almost $7,000 for maintenance expenses incurred on the rental properties. The court below received evidence of these payments and expenses but properly disallowed them. It appears that such expenditures preceded the final Michigan and Illinois judgments respectively, and thus could have been presented to those courts.

Having considered all the husband's arguments, including some not mentioned here, and finding them lacking merit, we conclude that the decision of the court below should be affirmed. As we have noted above, however, one of the judgments relied on shows on its face that it is incorrect as to amount. Therefore, this case must be remanded, and the judgment corrected accordingly.

Remanded with instructions; affirmed in all other respects.

3. Ill.Rev.Stat., ch. 77, § 6 (1971).