Robert G. LEICHTMAN, Appellant,

v.

Susan E. KOONS, Appellee.

No. 86–317.

District of Columbia Court of Appeals.

Submitted Nov. 10, 1986.

Decided June 29, 1987.

Neal L. Thomas and Jane N. Lamb, Washington, D.C., were on the brief, for appellant.

Henry F. Schuelke III and S. Robert Sutton, Washington, D.C., were on the brief, for appellee.

Before PRYOR, Chief Judge, and NEWMAN and BELSON, Associate Judges.

NEWMAN, Associate Judge:

In an action brought in Superior Court by appellee Susan E. Koons to enforce a default judgment entered in a Maryland court against appellant Robert G. Leichtman, the trial judge granted summary judgment in favor of Koons. Leichtman appeals, urging that a material dispute of fact exists concerning the manner in which he was served process in the Maryland suit. We agree, reverse, and remand for further proceedings.

**I**

In May, 1981, subsequent to the annulment of their marriage, Leichtman and Koons entered into a contractual agreement to liquidate their respective financial obligations to one another. On September 1, 1984, Koons, a resident of Maryland, filed suit in the District Court of Maryland for Anne Arundel County, claiming that Leichtman had breached the agreement.

The Maryland court subsequently entered a default judgment against Leichtman in the amount of $4968.57 plus post-judgment interest.

Koons filed the instant action in District of Columbia Superior Court seeking to enforce the Maryland judgment against Leichtman, who is now a resident of the District of Columbia. Leichtman admitted the entry of the default judgment against him, and admitted that it remained unpaid. However, he denied that he had been properly served in the Maryland action, raising lack of personal jurisdiction in that action as an affirmative defense to this one.[1]

Koons moved for summary judgment, asserting that Leichtman had been "duly served" in the Maryland action, and that the default judgment was valid and entitled to enforcement in the District of Columbia. She appended to her moving papers a document signed by a private process server, stating that service was personally delivered to Leichtman at his office address in the District of Columbia. Opposing the motion, Leichtman denied that he had been personally served, averring in his accompanying affidavit that the summons and complaint had been left at his office in his absence. He urged that the factual dispute over the method of service was a material one, since insufficient service, a jurisdictional defect, would render the Maryland judgment void and not entitled to full faith and credit in our courts. The existence of this dispute over a material issue of fact, he argued, precluded summary judgment.[2]

By order dated January 17, 1986, the trial court granted summary judgment for Koons, stating that although the record indicated that Leichtman was not personally served, he received actual notice of the lawsuit upon returning to his office, and yet took no action to defend the case or set aside the default judgment. The court concluded that the Maryland courts "would regard the service of process as [ ]effective to confer jurisdiction," and that such an assertion of jurisdiction did not offend due process of law. Leichtman appeals the grant of summary judgment, in essence repeating here his arguments below.[3]

## II

A summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Super.Ct.Civ.R. 56(c); *McCoy v. Quadrangle Development Corp.,* 470 A.2d 1256, 1258 (D.C.1983). In reviewing a grant of summary judgment, it is our function to determine whether, viewing the evidence in a light most favorable to the party opposing the motion (in this case, Leichtman), that evidence gives rise to a genuine factual dispute. If so, the summary judgment must be reversed, and trial held on the

---

1. Leichtman also asserted a counterclaim, claiming entitlement to a sum of money owed him by Koons. Koons moved to dismiss this counterclaim on grounds that any controversy between the parties was *res judicata* as a result of the Maryland action. Her motion was granted by order of the Superior Court dated November 12, 1985. In his briefs, Leichtman makes passing reference to the order dismissing his counterclaim and asks that it be reversed. However, this order was not mentioned in his notice of appeal, and is therefore not properly before us.

2. Leichtman also argued that the Maryland court had no basis for exercising personal jurisdiction over him under the Maryland long-arm statute. This contention was rejected by the trial court, and Leichtman does not raise this issue on appeal.

3. Koons subsequently filed a "Motion For Amplification of Order Granting Summary Judgment," urging the trial court to amend its original Order to rule "as a matter of law that Defendant Leichtman was personally served in the Maryland case, and that consequently, there exists no genuine issue of material fact concerning that service." Koons appended an affidavit of a private process server stating that he had served Leichtman in person. The court denied this motion, first because it was untimely, and second, because the court considered that a factual dispute existed as to whether Leichtman was personally served. However, the court reiterated its prior ruling that the issue of whether or not Leichtman was personally served was immaterial; since he had actual timely notice, service would be regarded as effective under Maryland law.

disputed issues. *Truitt v. Miller,* 407 A.2d 1073, 1077 (D.C.1979); *Sullivan v. Heritage Foundation,* 399 A.2d 856, 859 (D.C. 1979).

We agree with Leichtman's contention that a genuine factual dispute existed here as to the service of process in the Maryland action. The trial court's ruling that this issue was immaterial resulted from an erroneous view of the service requirements under Maryland law. Under Maryland Rules governing the service of process, service upon a competent individual may be made (1) by personal delivery, (2) by certified mail, (3) by delivery to an agent authorized by appointment or law to receive service for that individual, or (4) for service outside the state, in a manner prescribed by the foreign jurisdiction. Md.R. 2–121(a), 2–124(a). Viewing the evidence in a light most favorable to Leichtman, *Truitt, supra,* 407 A.2d at 1077, the summons and complaint in the Maryland action were delivered to the address of his office at a time when he was not present. This manner of service did not comply with the first three methods prescribed under the Maryland Rules.

▉ Nor did it comply with the fourth. Civil Rule 4(d)(1) of the District of Columbia Superior Court permits service to be made upon a competent individual by personal delivery, by delivery to a defendant's place of abode, or by delivery to an agent authorized by appointment or by law to receive service. Delivery to Leichtman's place of business falls into none of these categories, and was thus not a "manner ... prescribed by the foreign jurisdiction ..." Md.R. 2–121(a).[4]

▉ Leichtman admitted that he learned of the pendency of Koon's Maryland action when he returned to his office about a week after the court papers had been delivered there. The trial court based its grant of summary judgment on this admission, finding that Leichtman's actual timely notice was sufficient to confer jurisdiction under Maryland law. However, the Maryland Court of Appeals has held, to the contrary, that a defendant's actual knowledge of the existence of a lawsuit against him is no substitute for personal service under Maryland law. *Miles v. Hamilton,* 269 Md. 708, 309 A.2d 631, 634 (1973); *Sheehy v. Sheehy,* 250 Md. 181, 242 A.2d 153, 155 (1968); *Little v. Miller,* 220 Md. 309, 153 A.2d 271, 275 (1959); *Wilmer v. Epstein,* 116 Md. 140, 81 A. 379, 382 (1911); *see also Reed v. Sweeney,* 62 Md.App. 231, 488 A.2d 1016, 1019, cert. denied, 303 Md. 471, 494 A.2d 939 (1985).[5] Koons has not directed our attention to any cases holding to the contrary, nor have we found any.

If Leichtman was not personally served, the Maryland District Court had no jurisdiction and the default judgment was invalid and without significance. *Miles, supra,* 309 A.2d at 634. Such a judgment, of course, would not be entitled to full faith and credit in this jurisdiction. *Williams v. North Carolina,* 325 U.S. 226, 229, 65 S.Ct. 1092, 1094–95, 89 L.Ed. 1577 (1945); *Gilper v. Kiamesha Concord, Inc.,* 302 A.2d 740, 742 (D.C.1973); *Shanklin v. Bender,* 283 A.2d 651, 652 (D.C.1971); *Operative Plasterers' and Cement Finishers' International Association v. Case,* 68 U.S.App. D.C. 43, 49, 93 F.2d 56, 62 (1937).

▉ We thus conclude that the factual dispute over whether or not Leichtman was personally served is a material issue; indeed, the *sole* relevant issue, to be resolved in this case. We remand to the trial court for an evidentiary hearing on this question.

Because Leichtman has requested a jury trial, it remains for us to determine whether on remand this issue shall be tried by jury or by the court. Although we have recognized that in actions to enforce for-

---

4. There is no indication in the record that the service was received at Leichtman's office by an agent authorized to receive process. An agent must have actual authority for this purpose; an office employee with authority to receive business communications and mail does not, by virtue of his or her position, have authority to receive process under the Superior Court Rules.

*Morfessis v. Marvins Credit, Inc.,* 77 A.2d 178, 179–80 (D.C.1950).

5. The same is true under District of Columbia law. *Parker v. Frank Emmet Real Estate,* 451 A.2d 62, 66 (D.C.1982); *see also Morfessis, supra* note 4, 77 A.2d at 179–80.

eign judgments "the jurisdiction of the court which rendered judgment is always open to judicial inquiry," *Gilper, supra,* 302 A.2d at 742, we have never determined whether factual issues relating to jurisdiction may be tried by jury.

█ When the jurisdiction of the court is challenged in the usual case, of course, related factual issues are tried by the court preliminary to the trial on the merits. Super.Ct.Civ.R. 12(b) and (d); *see* FED.R.CIV.P. 12(b) and (d). Federal Rule 12 and its identical District of Columbia counterpart merely codify what has always been the general practice in this country. 5 J. MOORE, J. LUCAS & J. WICKER, MOORE'S FEDERAL PRACTICE ¶ 38.36, at 38:310–313 (2d ed. 1986). Even before the adoption of the Federal Rules in 1938, the Seventh Amendment right to a jury trial historically had never been considered to extend to such jurisdictional issues as service of process, amount in controversy, or diversity.[6] *Id.* at 38:310; *see, e.g., Wall v. Chesapeake & Ohio Ry. Co.,* 95 F. 398, 403 (7th Cir.1899) (personal jurisdiction—service of process); *Southern Photo Material Co. v. Eastman Kodak Co.,* 224 F. 523, 524 (N.D.Ga.1915) (same); *Wetmore v. Rymer,* 169 U.S. 115, 18 S.Ct. 293, 42 L.Ed. 682 (1898) (amount in controversy); *Gilbert v. David,* 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360 (1915) (diversity). The manner in which these issues were to be tried was instead left to the discretion of the court. *See id.* at 567, 35 S.Ct. at 166; *Wetmore, supra,* 169 U.S. at 121, 18 S.Ct. at 295. Among the reasons articulated for this policy was that issues of jurisdiction, though sometimes involving factual controversies, often entail legal questions appropriately resolved by the judge. *See Murphy v. Campbell Soup Co.,* 40 F.2d 671, 672 (D.Mass.1930). Moreover, whereas the constitutional right to a jury trial adheres when substantial rights involving the life, liberty, or property of the litigant are at sake, jurisdiction is a collateral issue which does not affect such substantial rights. *See Wall, supra,* 95 F. at 403 (determination on motion to quash service of summons does not affect substantial rights, since another service of the process can be made or a new summons issued and served).

█ We think this reasoning is equally valid today, and does not dictate a different result when jurisdiction is collaterally challenged in an action to enforce a foreign judgment. We observe that if Leichtman had made a special appearance in the Maryland court to contest service of process, the question would have been tried by the court. Although he was free to choose to attack the Maryland court's jurisdiction collaterally in our courts, we see no reason to reward him for his choice by permitting him a jury trial here. While we recognize that the practice differs in some jurisdictions,[7] we conclude that in an action to enforce a foreign judgment, material issues of fact concerning the jurisdiction of the foreign court, such as are present in this case, should be tried by the court.[8]

*Reversed and remanded.*

---

6. The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ..." Though the Seventh Amendment is not incorporated to the states through the Fourteenth Amendment, it is, like other provisions of the Bill of Rights, fully applicable to courts established by Congress in the District of Columbia. *Pernell v. Southall Realty,* 416 U.S. 363, 370, 94 S.Ct. 1723, 1727, 40 L.Ed.2d 198 (1974); *E.R.B. v. J.H.F.,* 496 A.2d 607, 610 n. 6 (D.C.1985).

7. *See, e.g., Olson v. England,* 206 Neb. 256, 292 N.W.2d 48, 49–50 (1980) (jury trial waived); *Colson v. Thunderbird Bldg. Materials,* 589 S.W.2d 836, 838 (Tex.Civ.App.1979); *Berg v. Burke,* 77 N.D. 913, 46 N.W.2d 786, 787 (1951).

8. Such is also the practice in Maryland, where a challenge to a sister state's jurisdiction "must be submitted, not to the jury, but to the Court ..." *Picking v. Local Loan Co.,* 185 Md. 253, 44 A.2d 462, 468 (1945), citing 2 Poe, Pleading and Practice § 404 c, at 382 (5th ed.).