Hani H. MASRI, Appellant,

v.

ADAMAR OF NEW JERSEY, INC., Appellee.

No. 90–1204.

District of Columbia Court of Appeals.

Argued June 18, 1991.

Decided Aug. 14, 1991.

Wayne Travell, for appellant.

Rand L. Gelber, for appellee.

Before ROGERS, Chief Judge, FERREN and FARRELL, Associate Judges.

ROGERS, Chief Judge:

Appellant Hani H. Masri appeals the grant of summary judgment to enforce a default judgment entered by the New Jersey Superior Court. He contends that the trial judge erred in granting summary judgment to appellee Adamar of New Jersey, Inc., because a material factual dispute exists whether service of process was effectuated in accordance with the New Jersey rule on substituted service. Upon interpreting the New Jersey rule on substituted service, we agree, and accordingly, we reverse.

## I.

On November 11, 1988, appellee filed a complaint in the Superior Court of New Jersey against appellant to collect $245,000 in debts. Proof of service by certified and regular mail was filed with the New Jersey court on November 29, 1988. The return receipt was addressed:

> Hani H. Masri
> 2700 Virginia Avenue, N.W.
> # 63
> Washington, D.C. 20037

The return receipt was signed in the box marked "Signature–Addressee" and the signature was not in appellant's name. On March 16, 1989, a default judgment was entered by the New Jersey court for appellee in the amount of $270,170.60.

On June 30, 1989, appellee filed a complaint in the Superior Court of the District of Columbia to enforce the New Jersey judgment. Appellee moved for summary judgment, which was granted with leave to appellant to file a motion for reconsideration for good cause on or before April 27, 1990. The parties thereafter entered into a stipulation to vacate summary judgment on the ground that appellant's counsel had never received service of appellee's motion for summary judgment. On May 1, 1990, appellant filed an opposition to the motion for summary judgment on the ground, *inter alia*, that a genuine issue of material fact existed whether he had been properly served with process in the New Jersey proceeding. In his motion and affidavit appellant stated that he had never received the New Jersey process and that the signature on the return receipt was not his; he argued that the certified mail was apparently delivered to a person unknown to him. Appellee responded that service was proper because a copy of the summons, complaint and exhibits was mailed by certified and regular mail to appellant and the regular mailing had not been returned.

The trial judge granted summary judgment to appellee, concluding that appellant had an opportunity to be heard under New Jersey law and process was proper, and denied appellant's motion for reconsideration.

## II.

Appellant contends that summary judgment was inappropriate since there exist material facts in dispute regarding appellee's compliance with New Jersey Civil Rule 4:4–4(e) on substituted service. He maintains that Rule 4:4–4(e) requires proof that the certified mail was received or refused by appellant or was received by his authorized agent. Thus, he argues, the existence of an unknown signature on the return receipt card, and his denial by affidavit that the signature on the card was his and that he actually received service, was sufficient to raise a genuine dispute of material fact. We agree.[1]

---

1. Our review is de novo. *Estate of Wells v. Estate of Smith*, 576 A.2d 707, 709 (D.C.1990); *Leichtman v. Koons*, 527 A.2d 745, 746 (D.C.1987) (view evidence most favorably to non-movant).

■ As the court stated in *Shanklin v. Bender*, 283 A.2d 651 (D.C.1971)

a foreign judgment, valid on its face, will be given full faith and credit in the District of Columbia unless it is proven in our courts that under the law of the jurisdiction which rendered the judgment, the foreign court did not have jurisdiction over the parties or the subject matter of the case.

*Id.* at 652 (citations omitted); *see Leichtman v. Koons, supra* note 1, 527 A.2d at 747. Therefore, the central question here is the proper interpretation of the New Jersey rule on substituted service, namely who may accept service under New Jersey Rule 4:4–4(e).[2] *Shanklin v. Bender, supra,* 283 A.2d at 653 (foreign court's determination of jurisdiction not conclusive when contradicted by extrinsic evidence). Since the Supreme Court of New Jersey does not have a procedure for the certification of questions of local law, *see, e.g.,* D.C.Code § 11–723 (1989) (certification), and we find no decision by the New Jersey courts interpreting Rule 4:4–4(e), this court must decide how the New Jersey courts would be likely to interpret the rule. *Shanklin, supra,* 283 A.2d at 654. We conclude that the New Jersey courts would interpret the rule on substituted service to require either: (1) the return receipt to be signed by the addressee, a member of his or her household or an authorized agent, or (2) the refusal by the addressee to claim or accept delivery of the registered or certified mail and non-return of the ordinary mail.

Rule 4:4–4(e) does not expressly limit the class of individuals who may accept certified mail when properly addressed and delivered to a dwelling house or place of abode. When addressed to a dwelling house, by contrast with mail addressed to a person's place of employment, the rule does not provide that delivery can be made only to the addressee. However, the provision on return of service is explicit about who may accept service.

Rule 4:4–7 provides that "[i]f service is made upon a member of the household pursuant to Rule 4:4–4 that person's name should be stated in the proof or if his or her name cannot be ascertained, the proof shall contain a description upon whom service was made." We think this language is broad enough to apply to a dwelling house or place of abode under Rule 4:4–4(e). When the language of Rule 4:4–4(e) is read in conjunction with Rule 4:4–7, the substituted service rule is clearly designed to assure that process actually reaches the addressee. *Driscoll v. Burlington–Bristol Bridge Co.,* 8 N.J. 433, 492, 86 A.2d 201, 230, *cert. denied,* 344 U.S. 838, 73 S.Ct. 25, 97 L.Ed. 652 (1952) (rules regarding service of process "go to the jurisdiction of the court and must be strictly complied with"); *see also Shanklin v. Bender, supra,* 283 A.2d at 653 (pointing to "general notion" that substituted service of initial process is extraordinary procedure and therefore service of process rules must be strictly complied with). Permitting substituted service to be effectuated merely by the signature of an unknown person at the addressee's dwelling house or place of abode, particu-

**2.** New Jersey Civil Rule 4:4–4(e) provides:

Substituted Service on Certain Individuals. On the filing of an affidavit of the attorney for the plaintiff or of any person having knowledge of the facts, that, after diligent inquiry and effort, an individual cannot be served in this State under any of the preceding paragraphs of this rule, then, consistent with due process of law, service may be made by mailing, by registered or certified mail, return receipt requested, a copy of the summons and complaint to the individual addressed to his dwelling house or usual place of abode or, with postal instructions to deliver to addressee only, to his place of business or employment. If the addressee refuses to claim or to

accept delivery of registered or certified mail, service may be made by ordinary mail addressed to him at his dwelling house or usual place of abode. The party making service may, at his option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refused to claim and accept delivery of the registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service. If for any other reason delivery cannot be made, then service may be made outside the State as provided in R. 4:4–4(a) upon any person whom service is authorized by the law of this State or the state wherein service is effected.

larly when, as here, the addressee lives in an apartment complex, would frustrate this purpose.

The provisions for optional mailed service which appear in the same rule reflect a similar concern that process actually reach the addressee.[3] *See* S. Pressler, Rules Governing The Courts of the State of New Jersey, Rule 4:4–4, comment 2 (1991 ed.) (discussing amendment to rules on individual service, Rule 4:4–4(a)(2): "[i]t had been suggested that the practice of mailed process could be easily subject to abuse, that certified and registered mail are often signed for by others than members of the household and hence may not reach the actual addressee ..."). Since the provisions for substituted service and optional mailed service are part of the same rule, they likely reflect the same balance: avoiding unnecessary inconvenience, expense and delay associated with personal service while limiting service by certified mail to returns signed by the addressee, members of the household or an authorized agent, for only in those circumstances is it likely to reach the addressee.[4] *Cf. Frantz Equip. Co. v. Anderson*, 37 N.J. 420, 428, 181 A.2d 499, 503–04 (1962) (certified mail is predicated upon the high probability of receipt; interpreting Uniform Conditional Sales Act).

This interpretation of the New Jersey rule is in accord with the return and service rules in the District of Columbia which are similar. *See* Super.Ct.Civ.R. 4(c) (service), (d) (person to be served) & (g) (return). *See id.*, Rule 4(g)(2) (1990) (if return receipt not signed by addressee, affidavit of service must state facts from which court can determine that the person who signed the receipt is an authorized agent); *Larry M. Rosen & Assocs., Inc. v. Hurwitz, supra* note 4, 465 A.2d at 1116–17 (requiring proof that the person accepting process was authorized to do so in order for process to be effective; office receptionist not necessarily authorized to accept service of process); *Brooks v. Concord Factors, Inc.*, 194 A.2d 134, 135 (D.C.1963) (facial challenge to return stating that "Jane Doe" was served would have been proper had appellant denied receiving process).

Consequently, appellee's contention that Rule 4:4–4(e) is satisfied by the signature of any individual at the addressee's dwelling house or place of abode is contrary to Rule 4:4–7 and its purpose to ensure that service is actually received by the addressee. Who signed the return receipt is material to whether service was proper. Appellee had to show that the return receipt was signed either by appellant, his authorized agent, or a member of his household of suitable age and discretion; at this stage he has not.[5] Appellant's signature was not

3. Rule 4:4–4(a)(2) provides that:
   In lieu of personal service prescribed by subparagraph (1), service may be made by registered, certified or ordinary mail, which shall be effective only if the party served answers or otherwise appears in response thereto. If defendant does not appear within 60 days following mailed service, service shall be made as is otherwise required by this rule, and the time prescribed by R. 4:4–1 for issuance of the summons shall then begin to run anew.

4. While Rule 4:4–7 and the Pressler comment on Rule 4:4–4(a)(2) appear only to permit signature by the addressee or a member of the household, the policy underlying any limitation on who may accept process, i.e., whether service would reach the addressee, would also permit the addressee's authorized agent to accept process sent by certified mail. *See* Rule 4:4–4(a)(1) (personal service may be delivered to a person authorized by appointment or by law to receive process). An authorized agent is presumed to notify the addressee of receipt of process. *Cf.*

*Larry M. Rosen & Assocs., Inc. v. Hurwitz*, 465 A.2d 1114, 1116–17 (D.C.1983); *see also National Equip. Rental Ltd. v. Szukhent*, 375 U.S. 311, 315, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964) (service effectuated on agent appointed by contract but unknown to addressee, who received actual notice from agent).

5. We do not interpret New Jersey Civil Rule 4:4–7 (failure to make proof of service does not affect the validity of service) to apply where the addressee denies receiving process. Rather, this provision would apply when no return of service is filed or there is a defective filing that is cured by actual receipt. *See Zoning Bd. of Adjustment v. Service Elec. Cable T.V.*, 198 N.J.Super. 370, 378–79, 487 A.2d 331, 335–36 (Super.Ct.App.Div.1985) (applying Rule 1:5–3 (which contains, in pertinent part, similar language to Rule 4:4–7) and concluding that noncompliance with rule causing prejudice requires reversal); Pressler, *supra*, Rule 1:5–3, comment ("failure of filing proof of service ... will raise an inference that service pursuant to Rule 1:5–1

on the return receipt card and the proof of service did not state whose signature was on the return receipt. The absence of proof of who signed the return receipt, combined with appellant's denial that he had actually received process, was sufficient to raise an inference that service was not made in accordance with Rule 4:4–4(e). *See* PRESSLER, *supra*, Rule 1:5–3, comment. The fact that a contrary inference might be drawn, for example, from the fact that the

regular mailing to appellant's apartment was not returned does not make the matter amenable to summary judgment.[6]

Accordingly, the judgment is reversed.

---

was not made"); *see also* Super.Ct.Civ.R. 4(g)(3) (failure to make proof of service does not affect its validity); FED.R.CIV.P. 4(g) (same); *Wass v. American Safety Equip. Corp.*, 573 F.Supp. 39, 40 (D.Me.1983) (where no contention service was not made, no basis for attacking return which did not reflect the name and corporate title of person served); *Pocahontas First Corp. v. Venture Planning Group, Inc.*, 572 F.Supp. 503, 505 (D.Nev.1983) (failure to file timely proof of service did not prejudice defendant where no improper service); *Sansbury v. Schwartz*, 41 F.Supp. 302, 303–04 (D.D.C.1941) (return written by someone other than marshal or deputy who effected service did not invalidate service); 4A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1130, at 344–45 (1987) (FED.R.CIV.P. 4(g) prevents properly served defendant from attacking validity of service on technical ground, such as process server's failure to make return in a timely fashion or because the return is somehow deficient).

6. Of course, as *Leichtman v. Koons, supra* note 1, held, trial on the jurisdictional issue will be to the court and not a jury. 527 A.2d at 748.