Don HAMRICK, Plaintiff,

v.

Alan GOTTLIEB, Nicki Fellenzer,
Angel Shamaya, Wayne Lapierre,
Robert Dowlut, Defendants.

No. Civ.04–2040(RJL).

United States District Court,
District of Columbia.

May 2, 2005.

Don Hamrick, Wilburn, AR, Pro se.

Richard E. Gardiner, Matthew H. Bower, Stefan B. Tahmassebi, National Rifle Association, Fairfax, VA, for Defendants.

## MEMORANDUM OPINION

[# 9, # 11, # 13, # 23, # 29]

LEON, District Judge.

Don Hamrick, a *pro se* plaintiff, brings this action against Alan Gottlieb, Vice President of the Second Amendment Foundation, Nicki Fellenzer, part-time independent contractor for KeepAndBearArms.com, Inc., Angel Shamaya, Wayne LaPierre, Executive Vice President of the National Rifle Association ("NRA"), and Robert Dowlut, General Counsel for the NRA. Among other assorted claims, plaintiff appears to seek relief for libel and defamation against defendants Fellenzer, Gottlieb, and Shamaya, and for obstruction of justice and fraud under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* against

defendants LaPierre and Dowlut as employees of the NRA. Presently before the Court are two separate motions to dismiss. Upon due consideration of the parties' submissions, and the entire record herein, for the following reasons the Court GRANTS, without prejudice, the Motion to Dismiss of defendants Gottlieb, Fellenzer, and Shamaya for insufficient service of process, and GRANTS, with prejudice, the Motion to Dismiss of defendants Dowlut and LaPierre for failure to state a claim upon which relief can be granted.[1]

## FACTUAL BACKGROUND

Plaintiff has filed several other actions in this and other United States federal district courts for what appears to be an assortment of gun-related grievances. Compl. at 9. To support these other actions, plaintiff allegedly requested assistance from the defendants, but his requests were denied. *Id.* at 18, 30–31, 49, 51. In the instant case, plaintiff alleges, *inter alia,* that the NRA has circumvented its mission statement in refusing to provide assistance. He further claims that the NRA's lack of support amounts to obstruction of justice and fraud as predicate acts for his RICO claim. *Id.* Finally, plaintiff asserts claims for libel and defamation against defendants Shamaya, Fellenzer, and Gottlieb based on statements allegedly made in emails in which these defendants refused to support his gun-related disputes. *Id.*

## I. Motion of defendants Gottlieb, Fellenzer, and Shamaya.

■ Defendants Gottlieb, Fellenzer, and Shamaya have filed a motion to dismiss pursuant to Federal Rule of Civil Proce-

---

1. This case has produced a considerable number of filings between the plaintiff and defendants. The Court, however, does not address the merits of any of plaintiff's other submissions in this Memorandum Opinion because they do not bear upon the resolution of defendants' respective dispositive motions.

dure 12(b)(5) based upon insufficient service of process.[2] For the following reasons, the Court agrees that service was insufficient as to these defendants, and dismisses the complaint, as applied to them, without prejudice.

The plaintiff carries the burden of establishing that he has properly effected service pursuant to federal rule of civil procedure (4)(e). *Light v. Wolf,* 816 F.2d 746, 751 (D.C.Cir.1987). To effectuate valid service of process the plaintiff must: (1) comply with the law of the state in which the district court is located; (2) comply with the law of the state where the service was effected; (3) effectuate personal delivery; or (4) leave a copy at the usual place of abode, unless a waiver was obtained. FED. R. CIV. P. 4(e)(1)-(2). Because this Court is located in the District of Columbia ("District") and the plaintiff in this case attempted service in Washington State, *see* Affidavit of Alan Gottlieb ("Gottlieb Aff.") ¶¶ 2–3, the plaintiff must show that service is proper under either of these jurisdictions to meet his burden. He has failed to do so.

By way of factual background, defendant Gottlieb is the Vice President of the Second Amendment Foundation, a nonprofit corporation in the State of Washington. Gottlieb Aff. ¶ 2. Fellenzer is a part-time independent contractor for KeepAndBearArms.com, Inc., a corporation also located in Washington State. *Id.* ¶ 5. Fellenzer and Shamaya are not associated with the Second Amendment Foundation, and, moreover, neither individual resides in Washington State. *Id.* ¶¶ 5–6. Washington State permits service by personal delivery to the usual place of abode, or by leaving a copy at a usual mailing address

"with a person of suitable age and discretion who is a resident, proprietor, or agent thereof...." WASH. REV.CODE § 4.28.080(15)-(16). In this case, the plaintiff tried to serve defendants Shamaya, Fellenzer and Gottlieb by delivering the complaint and three summonses, via Federal Express, to a business that is located on a different floor but in the same building as the Second Amendment Foundation. Gottlieb Aff. ¶ 2. The building in which the Second Amendment Foundation is located, however, is not the usual place of abode for any of these defendants, nor was the service personally delivered by the defendant. *Id.* ¶¶ 2–6; *see* WASH. REV.CODE § 4.28.080(15). Further, the building is not the usual mailing address for any of the defendants. Gottlieb Aff. ¶¶ 4–6; *see* WASH. REV.CODE § 4.28.080(16). Thus, the service of process is ineffective under the laws of Washington State.

■ The District of Columbia permits service of process outside the District by: (1) personal service; (2) any method valid in the place where service is attempted; (3) by mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the foreign authority in response to a letter rogatory. D.C. CODE ANN. § 13–431(a). Methods (1), (2), and (4) are clearly not applicable here because: plaintiff did not personally deliver the complaint; as noted previously, the service was ineffective under the laws of Washington State; and no letter rogatory was issued. Thus, on the facts of this case, the only method of service with which the plaintiff potentially could have complied is service by mail because the plaintiff sent the complaint and summonses via Federal Express. Gottlieb Aff. ¶ 2. Even assuming

---

**2.** Unlike defendants LaPierre and Dowlut, defendants Gottlieb, Fellenzer, and Shamaya did not argue that plaintiff's complaint should be dismissed under rule 12(b)(6) for failure to state a claim in their motion. Thus, the Court's Memorandum Opinion does not address the merits of plaintiff's claims as applied to them.

arguendo that this constituted service by mail, the service ultimately fails because the District of Columbia requires a receipt or other evidence of personal delivery "satisfactory to the court." D.C. CODE ANN. § 13–431(b). The package, addressed to Mr. Gottlieb, was delivered to another business in the same building and signed by an employee of the other business. Gottlieb Aff. ¶ 2. An agent must have actual authority to receive service of process. *Bulin v. Stein,* 668 A.2d 810, 813–14 (D.C. 1995) (quoting *Leichtman v. Koons,* 527 A.2d 745, 747 n. 4 (D.C.1987)). The recipient of the package had no such authority, thus the Federal Express signature shows that the plaintiff did not personally serve the defendants. Accordingly, because service of process fails under the laws of the District, Washington State, and the Federal Rules of Civil Procedure, the defendant's motion to dismiss pursuant to rule 12(b)(5) is GRANTED and the plaintiff's complaint with respect to these defendants is dismissed without prejudice.[3]

## II. Motion of defendants LaPierre and Dowlut.

The Court will dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994). Accordingly, the Court must accept as true all of the factual allegations set forth in the complaint. *Doe v. United States Dep't of Justice,* 753 F.2d 1092, 1102 (D.C.Cir.1985).

Plaintiff essentially raises three claims against defendants LaPierre and Dowlut: (1) NRA fails to live up to its mission statement of a nonprofit organization by not publicly supporting the plaintiff's case; (2) defendants failure to assist the plaintiff constitutes obstruction of justice under 18 U.S.C § 1512(b)(2)(B); and (3) defendant's failure to assist the plaintiff is fraud as a predicate act under the RICO statute. All three claims must be dismissed as a matter of law.

■ Plaintiff's first claim must fail as a matter of law because a cause of action does not exist even if the NRA has failed to fulfill its mission as alleged by the plaintiff. No legal duty exists to control the conduct of third persons, absent a special relationship. *Skeen v. Federative Republic of Brazil,* 566 F.Supp. 1414, 1419 (D.D.C.1983). As no special relationship exists between an advocate petitioning for nonprofit support, the plaintiff has not stated a cause of action as to the first count. *See e.g.,* RESTATEMENT (SECOND) OF TORTS §§ 316–19 (detailing the special relationships between a parent and child, master and servant, possessor of land and third parties, and possessor of dangerous propensities and third parties).

■ Second, the plaintiff similarly has not stated a claim for obstruction of justice under 18 U.S.C. § 1512(b)(2)(B) because this statutory provision does not provide for a civil remedy as plaintiff seeks here. In determining whether a civil remedy exists under a criminal statute that does not specifically provide for a civil remedy, the language and structure of the statute is

---

3. Defendants Gottlieb, Fellenzer, and Shamaya have filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11(c). *See* Dkt. # 23. While the Court certainly has the authority to impose Rule 11 sanctions against a *pro se* plaintiff, it does not believe sanctions

are appropriate in this case. *See Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174–75 (D.C.Cir.1985) (noting that the district court has "wide discretion" in determining whether rule 11 sanctions are appropriate). Accordingly, the defendants' motion [# 23] is denied.

examined to assess legislative intent. *Tax Analysts v. I.R.S.*, 214 F.3d 179, 186 (D.C.Cir.2000). Statutes that are part of comprehensive legislative schemes, including an integrated system of procedures for enforcement, create a strong presumption against the creation of a private cause of action. *Id.* Here, § 1512(b)(2)(B) is part of a comprehensive legislative scheme, and, thus, there is a presumption that absent a specific civil remedy, Congress did not intend for the courts to imply such a remedy. Plaintiff has offered nothing to rebut this presumption, and, thus, has not stated a claim for obstruction of justice.

Finally, the plaintiff has not pleaded a RICO violation. To prevail on a RICO claim, the plaintiff must show that he was injured by a violation of 18 U.S.C. § 1962 including that the defendant committed activity prohibited under the statute. Plaintiff has not shown any violation of 18 U.S.C. § 1962 and has not pleaded any element of the offense attributable to the defendant. Similarly, the plaintiff has not provided any evidence that the plaintiff violated 18 U.S.C. § 1343 or 1028, the potentially applicable federal fraud statutes. Thus, plaintiff has failed to state a claim under the RICO statute. Accordingly, because the plaintiff has failed to state a claim against defendants LaPierre and Dowlut pursuant to rule 12(b)(6), the defendant's motion to dismiss is GRANTED and the plaintiff's complaint with respect to these defendants is dismissed with prejudice.

### CONCLUSION

For the foregoing reasons, the Court GRANTS without prejudice the motion to dismiss of defendants Gottlieb, Fellenzer, and Shamaya, and GRANTS with prejudice the motion to dismiss of defendants LaPierre and Dowlut. An appropriate order is simultaneously filed herewith.

### FINAL JUDGMENT

For the reasons set forth in the Memorandum Opinion issued on this date, it is, this 2nd day of May, 2005, hereby

**ORDERED** that the Motion to Dismiss of the defendants Gottlieb, Fellenzer, and Shamaya [#9, 13] is GRANTED; and it is further

**ORDERED** that the Motion to Dismiss of defendants Dowlut and LaPierre [#11] is GRANTED; and it is further

**ORDERED** that the Motion for Sanctions of defendants Gottlieb, Fellenzer, and Shamaya [#23] is DENIED; and it is further

**ORDERED** that the plaintiff's Motion for Extension of Time [#29] is DENIED; and it is further

**ORDERED** that the case is dismissed without prejudice with respect to defendants Gottlieb, Fellenzer, and Shamaya; and it is further

**ORDERED** that the case is dismissed with prejudice with respect to defendants Dowlut & LaPierre.

**SO ORDERED.**