**Juanita ELDRIDGE, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 03–CV–1240.**

District of Columbia Court of Appeals.

Submitted Sept. 23, 2004.

Decided Sept. 28, 2004 *.

W. Michael Jacobs, was on the brief for appellant.

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment on September 28, 2004. It is now being published by direction of the court.

** At the time appellee's brief was filed, the titles of Mr. Spagnoletti, Mr. Schwab, and Mr. McKay were Corporation Counsel, Deputy Corporation Counsel, and Senior Assistant Corporation Counsel, respectively. Since that time, however, the Mayor of the District of Columbia has issued an executive order redesignating the Office of the Corporation Counsel as the Office of the Attorney General for the District of Columbia. *See* Mayor's

Robert J. Spagnoletti, Attorney General for the District of Columbia, and Edward B. Schwab, Deputy Attorney General, and James C. McKay, Jr., Senior Assistant Attorney General, were on the brief for appellee.**

Before FARRELL and GLICKMAN, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

This is an appeal from the decision of the Superior Court dismissing appellant's complaint against the District of Columbia for failure to effect proper service of process. This question is governed by Super. Ct. Civ. R. 4(j)(1). We agree with the trial judge's ruling and therefore affirm.

According to appellant, on July 20, 2000, she injured herself when she slipped and fell on a public sidewalk. On December 4, 2000, appellant filed a timely notice of her intent to file an action against the District. On July 18, 2003, appellant filed this action against appellee, the District of Columbia. Appellant sent copies of the complaint by certified mail to the Mayor and the Corporation Counsel of the District of Columbia.[1] On July 25, 2003, appellant filed an affidavit of service of process indicating that she served the Mayor and the Corporation Counsel, and attached the return

Order No. 2004–92, 51 D.C. Reg. 6052 (May 26, 2004) (citing D.C.Code § 1–204.22(2) & (11) (2001)). *See also* Office of the Attorney General, Office Order No. 20024–28 (May 27, 2004).

1. Appellant used an incorrect address for the Mayor's office. Because the service of process was defective for other reasons, we need not consider her argument that she reasonably believed that the post office would return any letter that was mailed to an incorrect address.

receipts from the certified mailings to her affidavit.

On September 5, 2003, the District filed a motion to dismiss the complaint for failure to effect proper service of process. The District certified that it had unsuccessfully attempted to obtain appellant's consent to the motion pursuant to Super. Ct. Civ. R. 12–I.. The District argues that the persons who signed the certified mail receipts were not designated by the Mayor or Corporation Counsel to receive service of process. On September 26, 2003, appellant filed her opposition to the District's motion to dismiss. On September 30, 2003, the trial judge granted the District's motion to dismiss for failure to effect proper service.

Super. Ct. Civ. R. 4(j)(1) prescribes the method for effecting service of process on the District:

> Service shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee). The Mayor and the Corporation Counsel may each designate an employee for receipt of service of processes by filing a written notice with the Clerk of the [Superior] Court.

In this appeal appellant argues, as she did before the trial court, that as a matter of law service by mail upon the Mayor and the Corporation Counsel is complete when a complaint is sent by certified mail and signed for as "received" by anyone in their respective offices.

In the order granting the District's motion to dismiss for failure to effect proper service, the trial judge observed that

[w]hile service ... can be effected by mail, [i]t is clear that a properly designated employee is required to sign for [the] complaint, summons and initial order on behalf of the Mayor and the ... Corporation Counsel, in accordance with [Super. Ct. Civ.R. 4(j)(1)]. According to court records, the individuals who acknowledged the complaint, summons and initial order were not the proper designees.

As an institutional defendant, the District of Columbia is subject to many lawsuits. The Mayor and the Corporation Counsel must be put on notice when a lawsuit is filed against the District, and Super. Ct. Civ. R. 4(j)(1) provides the manner by which a plaintiff can satisfy this requirement. In their official capacities the Mayor and the Corporation Counsel receive an enormous amount of mail. Super. Ct. Civ. R. 4(j)(1) serves as a filter on this mail and assures that when an individual seeks to initiate a suit against the District, the required papers will get to the proper destination. The flaw in appellant's argument is that, although the complaint was mailed to the Office of the Mayor and the Office of the Corporation Counsel and signed for by employees in those respective offices, they were not, however, signed for and received by the specific employees designated to receive service of process. This court, therefore, concludes that appellant did not effect proper service of process upon the Mayor or the Corporation Counsel in accordance with strictures of Super. Ct. Civ. R. 4(j)(1).

In *Morfessis v. Marvins Credit, Inc.,* 77 A.2d 178 (D.C.1950), we examined an analogous service of process provision in Rule 4(c)(1) that addressed service of process by delivery to an individual or agent of a corporation, respectively. In that case, we noted that an agent of an individual for other purposes is not necessarily author-

ized to receive service and also noted that the phrase "an agent authorized by appointment to receive service of process" is intended to cover the situation where an individual actually appoints an agent for that purpose. *Id.* at 179–180.

In the case at bar, the Mayor and the Corporation Counsel specifically appointed someone to receive service of process pursuant to Super. Ct. Civ. R. 4(j)(1). Those designees are the only individuals upon whom process can be served. Accordingly, we conclude that the trial court properly granted dismissal.[2] Accordingly, the judgment on appeal herein is hereby affirmed.

*So ordered.*

---

2. Appellant argues that the trial judge abused her discretion in not granting a lesser sanction than dismissal. However, as the government explains, appellant was not "lulled" in this case and she lacks a showing of "good cause" under Super. Ct. Civ. R. 41(b) when she made no attempt to correct the defective service despite notice. This challenge is likewise unpersuasive.