# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 14, 2012          Decided June 1, 2012

No. 10-7109

JOHN B. MANN, ET AL.,
APPELLANTS

v.

DAVID CASTIEL, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-02137)

*Robert B. Patterson*, *pro se*, argued the cause for appellants. With him on the briefs was *Ronald B. Patterson*.

*David G. Wilson* argued the cause and filed the brief for appellees.

Before: HENDERSON, ROGERS and BROWN, *Circuit Judges*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: On the basis of Rule 4(m) of the Federal Rules of Civil Procedure, the district court dismissed plaintiffs' case without prejudice for failure to prove proper service of three defendants or to show cause therefor. *See Mann*

*v. Castiel*, 729 F. Supp. 2d 191, 202 (D.D.C. 2010). On appeal, plaintiffs contend that this was error because their failure to timely file proof of service pursuant to Rule 4(*l*) did not invalidate good service pursuant to Rule 4(m); the three defendants waived any objections to service by failing to object in what plaintiffs characterize as their initial responsive pleading; and it was an abuse of discretion to deny additional time to effect service on other defendants.

Because plaintiffs failed to demonstrate a waiver by defendants pursuant to Rule 4, they offer no basis on which this court can conclude that the district court clearly erred in finding plaintiffs failed to prove proper service. Plaintiffs rely on defendants' acknowledgment of being served without considering defendants' suggestion of improper service. Plaintiffs also confuse defendants' motion for a stay of the case, and to dismiss the case in its entirety, with a responsive pleading joining issue with plaintiffs' claims. The record further demonstrates plaintiffs failed to show cause, much less good cause, for their failure to effect timely service and thus the district court acted within its discretion in denying additional time to effect service. Accordingly, we affirm the dismissal of the case without prejudice.

**I.**

On November 13, 2009, John Mann, Robert Patterson, and their two wholly owned companies sued 31 defendants alleging various violations of federal and state law, including racketeering, larceny, negligence, unjust enrichment, and unfair trade practices in connection with defendants' involvement in the satellite communications industry. Complaint ¶¶ 199-382; *see Ellipso, Inc. v. Mann, et al.*, No. 1:05-cv-01186 (D.D.C. 2008). On March 9, 2010 – 116 days after the complaint was filed – the district court notified plaintiffs of the requirements of Rule 4(m)

and ordered them to file proof of service by March 22, 2010 or to "show cause why this case should not be dismissed." Order, Mar. 9, 2010.

On February 12, 2010, three defendants – David Castiel, Cameran Castiel, and Ambassador (Ret.) Gerald Helman – moved for a stay of the case pending the conclusion of a pending bankruptcy proceeding, *In re Ellipso, Inc.*, No. 1:09-00148 (Chap. 11) (Bankr. D.C. 2009). They acknowledged that summonses had been issued for some defendants and that they had been "served" in January 2010. Defs.' Mot. for Stay or, Alternatively, Mot. for Enlargement of Time in which to File Answer ("Stay Motion") ¶ 6 (Feb. 12, 2010). On March 25, 2010, plaintiffs belatedly responded to the district court's order, stating that both Castiels, Ambassador Helman, and a fourth defendant had been served, and requesting a 60-day extension to effect service on the remaining defendants; they provided no proof of service or explanation for their tardy response. Pls.' Resp. to Court's Order Concerning Service of Process Entered Mar. 12, 2010 ("Response") ¶¶ 1, 8 (Mar. 25, 2010). On April 7, 2010, the three defendants moved to dismiss the case pursuant to Rule 4(m). They acknowledged receiving the summons and a copy of the complaint from "some person" but questioned whether they had been properly served, noting that "[n]o proofs of service have been submitted as required by . . . [the] March 9 Order," and that plaintiffs had failed, "even at this late date," to produce returns of service sworn to by a process server. Jt. Mot. of Defs. to Reject Pls.' Late Resp. to Court's Order Concerning Service of Process Entered Mar. 12, 2010 and to Dismiss Action ("Motion to Dismiss") ¶¶ 21–22 (Apr. 7, 2010). Plaintiffs did not file a response to the Motion to Dismiss.

The district court dismissed plaintiffs' case without prejudice pursuant to Rule 4(m) on August 3, 2010, because plaintiffs failed "to establish that any of the named defendants

were served within 120 days of filing their complaint" or offer an adequate excuse for their failure to do so. *Mann*, 729 F. Supp. 2d at 196. Declining to entertain plaintiffs' untimely Response, the district court noted that they had not filed a motion for an extension of time to respond to the March 9, 2010 Order, despite two opportunities to do so. *Id.* at 195. Even if it had entertained the Response, the district court explained that "it would still find that plaintiffs have not carried their burden" to show "good cause" warranting an extension of time to effect service pursuant to Rule 4(m), *id.* at 197, or even "some cause" warranting a discretionary extension, *id.* at 200.

## II.

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 348, 350 (1999). Under the federal rules enacted by Congress, federal courts lack the power to assert personal jurisdiction over a defendant "unless the procedural requirements of effective service of process are satisfied." *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002); *see Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Miss. Publ'g Corp. v. Murphee*, 326 U.S. 438, 444–45 (1946). Service is therefore not only a means of "notifying a defendant of the commencement of an action against him," but "a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). Consequently, courts have "uniformly held . . . a judgment is void where the requirements for effective service have not been satisfied." *Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 & n.42 (D.C. Cir. 1987) (collecting cases); *cf. Cambridge Holdings Grp., Inc. v. Federal Ins. Co.*, 489 F.3d 1356, 1360 (D.C. Cir. 2007).

Rule 4(c) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Rule 4 further specifies who may make service, *see* FED. R. CIV. P. 4(c)(2) & (3), and how a waiver of service may be proved, *see* FED. R. CIV. P. 4(d). "Unless service is waived, proof of service must be made to the [district] court." FED. R. CIV. P. 4(*l*)(1). "[P]roof must be by the server's affidavit," unless service is made by the United States marshal (or deputy marshal). *Id.*

By the plain text of Rule 4, the plaintiff has the burden to "demonstrate that the procedure employed to deliver the papers satisfies the requirements of the relevant portions of Rule 4." 4A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1083 (3d ed. 2002 & Supp. 2012); *see Light v. Wolfe*, 816 F.2d 746, 751 (D.C. Cir. 1987); *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc*., 988 F.2d 476, 488 (3d Cir. 1993); *Aetna Bus. Credit, Inc., v. Universal Decor & Interior Design, Inc*., 635 F.2d 434, 435 (5th Cir. 1981). Seeking to demonstrate compliance with Rule 4, plaintiffs rely on Rule 4(*l*)(3) and defendants' waiver by pleading as well as cause for delay in

effecting proof of service. None of their contentions is persuasive.

**A.**

Rule 4(*l*)(3) provides: "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." FED. R. CIV. P. 4(*l*)(3). Although the district court cannot be assured that it has jurisdiction over a defendant until the plaintiff files proof of service, the defendant "becomes a party officially, and is required to take action in that capacity . . . upon service." *Murphy Bros.*, 526 U.S. at 350. That is, a defendant must answer the complaint "within 21 days after being served," FED. R. CIV. P. 12(a)(1)(A), even if the plaintiff fails timely to prove service by filing a server's affidavit or files defective proof of service, for the district court "may permit proof of service to be amended," FED. R. CIV. P. 4(*l*)(3); *see O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1402 (7th Cir. 1993) (interpreting FED. R. CIV. P. 4(g), the precursor of current Rule 4(*l*)).

Plaintiffs offered no evidence to the district court to show that the three defendants had been served, much less properly served. Rule 4(*l*)(3) may prevent a defendant from avoiding the obligation to respond to a summons or from filing an untimely answer on the grounds that the plaintiff delayed filing proof of service or filed defective proof of service that had to be amended, but it does not excuse the plaintiff's failure to file any proof of service. *See* WRIGHT & MILLER § 1130. The plaintiff must either make proof of service or come within an exception provided by the rule.

**B.**

Rule 4(d) contains a procedure for establishing waiver of service of a summons. It requires the plaintiff to make an unequivocal request for a waiver in writing, the defendant to

return the waiver form within a reasonable time, and the plaintiff to file the waiver. The plaintiff must "notify . . . a defendant that an action has been commenced and request that the defendant waive service of a summons." FED. R. CIV. P. 4(d)(1). The notice and waiver request must be accompanied by "two copies of a waiver form." FED. R. CIV. P. 4(d)(1)(C). If the defendant signs and timely returns the waiver form and the plaintiff files it, "proof of service is not required" and it is "as if a summons and complaint had been served." FED. R. CIV. P. 4(d)(4). Waiving service of a summons does not waive any objection to personal jurisdiction or to venue. FED. R. CIV. P. 4(d)(5).

Plaintiffs do not claim to have followed this waiver procedure, and a defendant's knowledge that a complaint has been filed is not sufficient to establish that the district court has personal jurisdiction over the defendant. *See*, *e.g*., *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001). Instead, plaintiffs rely on the defendants' statement in their Stay Motion that they had been "served." The question presented is whether this acknowledgment sufficed to show a waiver and barred the three defendants from challenging the validity of service by moving for dismissal pursuant to Rule 4(m). Assuming a waiver could be accomplished other than as prescribed in Rule 4(d), *cf.* FED. R. CIV. P. 12(h), the district court properly concluded plaintiffs failed to show a waiver of service pursuant to Rule 4 by the three defendants. *See Mann*, 729 F. Supp. 2d at 196.

First, in focusing on defendants' Stay Motion, plaintiffs ignore defendants' Motion to Dismiss in which they questioned whether they had been properly served. In that motion defendants clarified that while they had received a copy of the summons and complaint from "some person," it was "unknown" whether this person was qualified to serve process. Stay Motion

¶ 6; *see* FED. R. CIV. P. 4(c)(2).  Further, defendants argued that it was "very suspicious" that plaintiffs "even at this late date and under Court order, did not produce any returns of service sworn to by a process server."  Stay Motion ¶ 6.

Second, plaintiffs' alternative suggestion of waiver is based on a flawed premise.  Plaintiffs maintain the three defendants waived any objections to the service of process by failing to argue that the service of process was defective in their "initial responsive pleading": the Stay Motion.  Appellants' Br. 12.  Plaintiffs mischaracterize the Stay Motion.  That motion was neither a responsive pleading, such as an answer or third party complaint addressing the allegations of the complaint, *see* FED. R. CIV.P. 8(b); WRIGHT & MILLER § 1348, nor a dispositive motion raising a defense listed in Rule 12(b), *see Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (4th Cir. 1983) (citing FED. R. CIV. P. 12(h)).  As our sister circuits explain, a motion to stay a case or for an extension of time to answer the complaint is hardly a "defensive move" under Rule 12.  *See Conrad v. Phone Directories Co., Inc.*, 585 F.3d 1376, 1383 n.2 (10th Cir. 2009); *Aetna Life Ins. Co. v. Alla Med. Serv., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988); *see generally* WRIGHT & MILLER § 1386.  It is true that "when 'a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter,'" *PaineWebber Inc. v. Chase Manhattan Private Bank*, 260 F.3d 453, 460–61 (5th Cir. 2001) (quoting *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999)), but a motion to stay proceedings (or to extend the time to answer) "signals only that a defendant wishes to postpone the court's disposition of a case.  Far from indicating that a defendant intends to defend a suit on the merits, a motion to stay can serve to indicate the opposite – that a defendant intends to seek alternative means of resolving a dispute, and avoid litigation in that jurisdiction." *Gerber v. Rordan*, 649 F.3d 514, 519 (6th

Cir. 2011); *see PaineWebber*, 260 F.3d at 461; *United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1314 (10th Cir. 1994).

**C.**

Plaintiffs' contentions that the district court abused its discretion in denying an extension of time to effect service on other defendants fare no better.

**1.** Rule 4(m) provides that the district court "must extend" the 120-day deadline for service "if the plaintiff shows good cause for the failure" to meet the deadline. FED. R. CIV. P. 4(m). Good cause exists "when some outside factor . . . rather than inadvertence or negligence, prevented service," *Lepone-Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007), for example, a defendant's intentional evasion of service, *see* H.R. 7152 Amendments to Federal Rules of Civil Procedure, 1982 U.S. Code Cong. & Admin. News 4434, 4446 n.25, or the plaintiff proceeds *in forma pauperis* and was entitled to rely on the United States marshal (or deputy marshal) to effect service, *see Dumaguin v. Sec'y of Health and Human Servs.*, 28 F.3d 1218, 1221 (D.C. Cir. 1994); *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1287–88 (11th Cir. 2009) (collecting cases). In *Moore v. Agency for International Development*, 994 F.2d 874, 877 (D.C. Cir. 1993), this court concluded a *pro se* plaintiff, who had made two attempts to serve the defendants shortly after filing the complaint but had done so improperly, had shown "good cause" where the defendants long delayed in responding to the complaint and were represented by counsel who repeatedly asked for extensions of time, causing the *pro se* plaintiff to "no doubt believe[] the defendants had been properly served." In sum, "[g]ood cause means a valid reason for delay." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002).

Plaintiffs offer no "valid reason" but suggest an institutional consideration, namely that the district court should have granted them additional time because postponing this litigation until the close of the bankruptcy proceedings was in the interests of all parties and judicial economy. Apparently plaintiffs filed the instant lawsuit as a protective measure in the event their creditor claims were not resolved to their satisfaction in bankruptcy and so made minimal, and ultimately insufficient, efforts to preserve their right to continue to litigate their district court claims based on the November 13, 2009 complaint. In any event, the institutional argument appeared only in their untimely Response, which the district court refused to consider in the absence of a request in their Response or in a separate motion for an extension of time to respond to the March 9, 2010 Order. *Mann*, 729 F. Supp. 2d at 195. Although "[i]n the absence of any motion for an extension, the trial court ha[s] no basis on which to exercise its discretion" to grant an extension after a filing deadline has passed, *Smith v. District of Columbia*, 430 F.3d 450, 457 (D.C. Cir. 2005); *see* FED. R. CIV. P. 6(b), we need not decide if this principle applies here, where a rule mandated that the district court exercise its discretion. The district court in fact considered the arguments in the Response and found them to lack merit.

In their Response, plaintiffs claimed that nine corporate defendants involved in the ongoing bankruptcy proceeding would be served "promptly" after that proceeding concluded "within the next few weeks." Response ¶ 2. The district court found that it was unclear any of these nine defendants were involved in the bankruptcy proceeding. *Mann*, 729 F. Supp. 2d at 197. On appeal, plaintiffs do not challenge this finding. Plaintiffs also claimed in their Response that summonses had been issued for four other defendants. Response ¶ 6. The district court noted that the case docket showed that a summons had been issued for only one of the four. *Mann*, 729 F. Supp. 2d at 197. Again, plaintiffs do not challenge this finding on appeal.

Rather than convince the district court that plaintiffs had good cause for failing to effect service, their Response unsurprisingly convinced the district court "that plaintiffs have been careless at best or untruthful at worst." *Id.* Plaintiffs thus can show no abuse of discretion by the district court in denying a extension of time on the basis of good cause shown.

**2.** The Advisory Committee note for Rule 4(m) instructs that the district court has discretion to extend the time for effecting and filing proof of service even if the plaintiff fails to show "good cause." FED. R. CIV. P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m). Other circuits to consider the issue have held, with one exception, that Rule 4(m) allows the district court to grant discretionary extensions. *See Coleman*, 290 F.3d at 934; *Horenkamp v. Van Winkle & Co., Inc.,* 402 F.3d 1129, 1132 (11th Cir. 2005) (collecting cases); *but see Mendez v. Elliot,* 45 F.3d 75, 78 (4th Cir. 1995); *see generally* WRIGHT & MILLER § 1137. They relied on the textual reference in Rule 4(m) to the district court's ability to "order that service be made within a specified time," FED. R. CIV. P. 4(m), and the observation of the Supreme Court in *Henderson v. United States*, 517 U.S. 654 (1996), that under Rule 4(m) district courts have "discretion to enlarge the 120-period 'even if there is no good cause shown,'" *id.* at 662–63 (quoting FED. R. CIV. P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m)); *see id.* at 658 n.5. In view of this authority and in the absence of instruction from this court, the district court concluded that Rule 4(m) required it to consider whether it would grant, as a matter of discretion, an extension of time to effect service. In that regard, the district court observed "no hard list of considerable factors exist," and looked to the Advisory Committee's suggestions of equitable factors. *Mann*, 729 F. Supp. 2d at 198.

Whether the district court's exercise of its discretion pursuant to Rule 4(m) is cabined by Rule 6(b)(2)'s requirement that "excusable neglect" be found, or by equitable factors, *compare Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005), *with United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006); *see generally* WRIGHT & MILLER, § 1166, dismissal of a case pursuant to Rule 4(m) is appropriate when the plaintiff's failure to effect proper service is the result of inadvertence, oversight, or neglect, *see Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985), and dismissal leaves the plaintiff "in the same position as if the action had never been filed," H.R. 7152 Amendments to Federal Rules of Civil Procedure, 1982 U.S. Code Cong. & Admin. News 4434, 4442. The district court found that plaintiffs had not shown that there was "some cause" for an extension of time on the grounds that the statute of limitations would bar refiling the complaint, their service deficiencies existed for only a limited period of time, or they were unsophisticated *pro se* litigants as to whom latitude should be given to correct their mistakes. *Mann*, 729 F. Supp. 2d at 198–200. Plaintiffs fail to show the district court's factual findings with respect to these equitable factors are clearly erroneous, *see Anderson v. Bessemer City,* 470 U.S. 564, 573–74 (1985); FED. R. CIV. P. 52(a)(6), or that the district court failed to consider a relevant factor, *see Kickapoo Tribe of Indians v. Babbitt,* 43 F.3d 1491, 1497 (D.C. Cir. 1995), or that the district court otherwise abused its discretion in refusing to extend the time to effect service.

Specifically, the district court found that plaintiffs had failed to provide enough information to gauge the legitimacy of their concern that they would be unable to refile their complaint if it were dismissed. Plaintiffs stated in their Response that they had filed their complaint "*inter alia*, because of statute of limitations considerations," Response ¶ 7, but did not identify any particular statute of limitations that would bar refiling much less "which –

if any – of their numerous claims would be time barred," *Mann*, 729 F. Supp. 2d at 199. Plaintiffs provide no further information on appeal. The district court also found that plaintiffs had not been diligent in correcting the service deficiencies; although alerted to their non-compliance with Rule 4(m) and the potential for dismissal of the case nearly five months earlier, plaintiffs had taken no action to remedy their non-compliance and had not responded to the Motion to Dismiss. *See id.* (citing D.D.C. LcvR 7(b)). (During oral argument in this court plaintiffs stated, for the first time, that they did not file proofs of service because the process server they hired using the website "Craigslist" had disappeared, Oral Arg. Tape 1:55-2:13, but offered no explanation for failing to proceed with a new process server or seek a Rule 4(d) waiver.) The district court further found that the additional latitude it "typically affords *pro se* litigants" to correct defects in service of process was unwarranted; the two *pro se* plaintiffs had been notified of the requirements of Rule 4(m) and appeared "not [to] be typical, unsophisticated *pro se* litigants" but businessmen with extensive litigation experience, one of whom had formal legal training, and both of whom worked in tandem with counsel for the corporate plaintiffs. *Mann*, 729 F. Supp. 2d at 199–200 (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)).

Accordingly, we affirm the order dismissing the case without prejudice.