## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **LEOPOLDO SANCHEZ**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-cv-2119 (TSC) |
| | ) | |
| **YU LIN CORPORATION**, *doing* | ) | |
| *business as* **1 FISH 2 FISH**, **XIBIAO** | ) | |
| **B. ZOU**, and **YU LIN**, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Leopoldo Sanchez brings this action against two married Defendants, Xibiao B. Zou and Yu Lin, and one District of Columbia corporate defendant, Yu Lin Corporation d/b/a 1 FISH 2 FISH, a restaurant owned by the couple.  Before the court is: 1) Plaintiff's motion to extend the time for service, to allow for alternative means of service, and to amend the complaint to add another Plaintiff, ECF No. 8; and 2) Defendants' Motion to Dismiss for insufficient service of process, ECF No. 6.  For the reasons set forth below, the court will GRANT Plaintiff's motion and DENY Defendants' motion.

### I.       BACKGROUND

Plaintiff filed this suit on August 8, 2021, alleging that Defendants willfully failed to pay him minimum and overtime wages while he was employed at the restaurant.  ECF No. 1, Compl. at 1.  The Court issued summonses for the three Defendants the next day, and Plaintiff's counsel indicates he "immediately tasked" a process server to effectuate service.  ECF No. 3, Mot. to Extend ¶ 2.

Between August 12 and October 23, 2021, Plaintiff's process servers made fifteen unsuccessful attempts to personally serve Defendants. ECF No. 3-3. Pls. Ex. C, Investigative Due Diligence Aff. (hereinafter "Investigative Aff"). The process servers made eleven visits to Defendants' residence in Falls Church, VA, and four to their workplace, in Washington, DC. *Id*.; ECF Nos. 3-1; 3-2 (tax records and corporate registrations containing Defendants' home and work addresses). The process servers visited both locations at various hours, ranging from approximately 7 a.m. to 11 p.m., and on different days of the week, yet were unable to serve the Defendants. Investigative Aff.

The process servers state that when they went to Lin and Zou's residence, they saw signs of habitation—the lights were on, cars were in the driveway, the grass was newly cut, garbage cans were at the curb, and neighbors said they were likely home. Investigative Aff. at ECF pp. 2–4. On September 21, a process server encountered several people arriving at Defendants' home. *Id*. at ECF p. 3. One of them called the Defendants and subsequently told the process server to go to the restaurant, where Lin and Zou "normally" arrive by 10 a.m. and where they would be willing to accept service. *Id*. The process server then visited the restaurant four times in early October after 10 a.m. *Id*. at ECF p. 9. Each time, an employee immediately claimed that Defendants were not present and refused to provide any further information. *Id*. at ECF pp. 9–10.

On October 14, 2021 at 7:04 am, the process server staked out Defendants' home address and remained there for approximately four hours. *Id*. at ECF p. 5. When the process server approached Zou, he walked to his car, got in, and shut the door. *Id.* Even after the process server showed him the legal documents, Zou refused to open the window and drove away. *Id*. The process server's affidavit includes photographs showing Zou sitting in his car with the windows closed. *Id*. at ECF pp. 7–8. A process server made one final attempt on October 23, at

which time Defendants refused to leave their restaurant kitchen once they realized that the process server was present. *Id.* at pp. 9–10.

The summonses were set to expire on November 8, 2021, pursuant to Fed. Rule of Civ. Procedure 4(m), which requires service of process within ninety days after the complaint is filed.[1] Plaintiff filed a timely motion to extend time for service and for leave to serve Defendants using alternative means. ECF No. 3. Shortly thereafter Zou, who is not an attorney, filed a motion *pro se* seeking an extension of time for Defendants to file an answer. ECF No. 4.

On December 7, 2021, the court granted Zou's motion as to Zou, but denied the motion with respect to Lin and the restaurant because a non-attorney may not represent another individual and corporate entities may only appear through counsel. ECF No. 5. Accordingly, the court held the case in abeyance, allowing Lin and the restaurant time to find counsel or, alternatively, giving Lin time to enter an appearance *pro se*. *Id.* The court informed the parties that it would not consider issues regarding service of process and/or default until February 1, 2022. *Id.*

On January 31, 2022, all three Defendants, now represented by counsel, filed a motion to dismiss. ECF No. 6. Plaintiff filed a timely opposition, ECF No. 7, as well as a renewed motion to extend the time for service and leave to use an alternative means of service. ECF No. 8.

## II.     LEGAL STANDARD

### A. Service of Process

Pursuant to Fed. R. Civ. P. 4(m), "[i]f a Defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss

---

[1]   The 90-day deadline for service was November 6, 2021. Fed. R. Civ. P. 4(m). Because November 6 was a Saturday, the deadline was extended to the next business day, Monday November 8, 2021. Fed. R. Civ. P. 6(a)(1)(c).

the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiffs have the burden of showing good cause. *Light v. Wolf,* 816 F.2d 746, 751 (D.C. Cir. 1987). "Good cause exists when some outside factor rather than inadvertence or negligence, prevented service." *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (cleaned up and citations omitted). Cases in which the defendant purposefully evades service "provide strong arguments for granting good cause extensions." 4B Charles A. Wright & Arthur R. Miller, Fed. Practice and Procedure Civ. § 1137 (4th ed.).

Under federal law, individual defendants within the United States can be served by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there,"; or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). There is no evidence here that either individual defendant has an authorized agent to accept service of process. Service may also be made on individuals pursuant to the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Service on corporations, partnerships or associations may be accomplished pursuant to the "state law for serving a summons in an action brought in courts of general jurisdiction." Fed. R. Civ. P. 4(h)(1)(A). Service can also be made by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

## B. Motions to Amend the Complaint

Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave" to amend a compliant "when justice so requires." The courts have interpreted this rule to allow courts to "freely give[ ] leave in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.     ANALYSIS

## A. Extending the Service Deadline

Plaintiff filed his first motion seeking an extension of time on November 8, within ninety days after the Complaint was filed. Thus, pursuant to Fed. R. Civ. P. 4(m), this court "must extend the time for service for an appropriate period" if Plaintiff can establish "good cause" for failing to effectuate service within the required ninety days. Plaintiff has clearly established good cause by attempting service on fifteen separate occasions over the course of seventy-three-days of the ninety-day statutory period, at various times of the day and night, at both Defendants' residence and restaurant.

Defendants seek dismissal for lack of service, arguing that they did not evade service, but that Plaintiff did not make sufficient attempts to serve them. ECF No. 9 at ECF p. 2. They also assert that "Zhou and/or any other Defendants are not supposed to be a 'sitting duck' to be served." *Id*.

Defendants' arguments are without merit. Individuals and corporate entities have "a duty to avoid unnecessary expenses of serving the summons," Fed. R. Civ. P. 4(d)(1), and Defendants have not met that duty. Instead, they appear to have flagrantly and repeatedly evaded service. Moreover, this is not a case like *Doe #1 v. American Federation of Government Employee*, 554 F. Supp. 3d 75, 123 (D.D.C. 2021), in which the defendant credibly alleged that the cars in the

driveway were not his primary vehicles and that he did not know there was an attempt to serve him.

Given Defendants' repeated efforts to evade service, it was not unreasonable for Plaintiff to seek relief from the court, rather than expend additional time and expense. Accordingly, Defendants' argument that Plaintiff should have continued attempting service for the last fourteen calendar days during the ninety-day window is unavailing and disingenuous.

Likewise, Defendants' argument that Plaintiff did not attempt to serve Lin, and/or the restaurant, (as she is its registered agent), is without merit. The evidence establishes that the process server attempted multiple times to serve Lin and Zou at their home and at their restaurant.

The court is similarly not convinced by Defendants' argument that Plaintiff failed to attempt service pursuant to District of Columbia Superior Court Rule 5, which allows for service by first class mail and provides that service is "complete on mailing." ECF No. 6, Mot. to Dismiss at ECF pp. 2–3. Rule 5 relates to service of other Pleadings and Other Papers, not the summons and complaint, which are governed by District of Columbia Superior Court Rule 4. Accordingly, the court will GRANT Plaintiff's request to extend the service deadline.

## B. Alternative Means of Service

The Federal Rules of Civil Procedure allow for service on individuals by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Like the federal rules, District of Columbia law permits service on individuals personally, at their abode or through a registered agent. D.C. Super Ct. R. Civ. P. 4(e). The District of Columbia also permits service on individuals via "registered or certified mail, return receipt requested," or first-class mail requesting an acknowledgment, addressed "to the person to be served." D.C. Super

Ct. R. Civ. P. 4(c)(4), 4(c)(5). Although Plaintiff did not attempt either of these latter methods of service, such methods would have required Defendants' cooperation and it is clear from the record that such cooperation was unlikely.

There is another option, however. District of Columbia law allows Plaintiffs to use "alternative methods of service" on individuals "[i]f the court determines that, after diligent effort, a party has been unable to accomplish service by a method" specifically prescribed by District of Columbia law. D.C. Supr. Ct. R. Civ. P. 4(e)(3)(A). The court may allow service by any "manner that the court deems just and reasonable," so long as the chosen method is "reasonably calculated to give actual notice of the action to the party to be served." *Id.* Parties "seeking to use an alternative method of service must file a motion with an affidavit specifying the diligent efforts" used. D.C. Super. Ct. R. Civ. P. 4(e)(3)(C).

Alternative service under District of Columbia law may include:

(i)     "delivering a copy to the individual's employer by leaving it at the individual's place of employment with a clerk or other person in charge;"

(ii)    "transmitting a copy to the individual by electronic mail if the serving party:

(a)     shows that the party to be served used this method for successful communication within the past 6 months; and

(b)     sends a copy, by first class mail, to the last-known business or residential address of the person to be served"; or

(iii)   "any other manner that the court deems just and reasonable."

D.C. Super. Ct. R. Civ. P. 4(e)(3)(B).

Because Plaintiff was diligent and filed the requisite affidavit, but was unable to effectuate service, the court finds that an alternative means of service is appropriate. But none of the examples of alternative service set forth in the District of Columbia statute are viable given Defendants' evasion of service. Accordingly, the court will grant Plaintiff's request to serve

each <u>individual</u> Defendant via United States Postal Service (USPS) Priority mail at both their residence and home addresses. Plaintiff shall file an affidavit of service that includes the tracking certification provided by the USPS upon confirmation of delivery. This court finds that service in this manner is "reasonably calculated to give actual notice of the action to the party to be served." D.C. Super. Ct. R. Civ. P. 4(e)(3)(A). An answer or other response to the Complaint by the individual Defendants shall be due within twenty-days after Plaintiff files the affidavit of service containing the USPS confirmation of delivery.

Service on the restaurant involves a different analysis. Service on the corporate defendant was ineffective because it required service on defendant Lui, as the corporate agent. But the District of Columbia provision allowing "alternative methods of service" applies only to individuals and not corporations. Instead, District of Columbia law allows service on "an officer, a managing or general agent, *or any other agent authorized by appointment or by law to receive service of process*," and, if the agent is one authorized by statute to receive service and the statute so requires, "by also mailing a copy to the defendant." D.C. Super. Ct. R. Civ. P 4(h)(1) (emphasis added).

Relying on this provision, the court in *Robinson v. Ergo Sols., LLC*, 10 F. Supp. 3d 157, 161–63 (D.D.C. 2014) allowed the plaintiff to effectuate service on a District of Columbia corporation by serving the Corporations Division of the District of Columbia Department of Consumer and Regulatory Affairs (DCRA). The court reasoned that the DCRA constitutes "any other agent authorized by appointment or law to receive" service because the D.C. Code allows service on the Mayor or her designee "if a represented entity's registered agent in the District cannot with reasonable diligence be found" and the Plaintiff "submits a declaration under penalty of making false statements showing that a registered agent for the represented entity cannot be found." *Id*. at 161 (citing D.C. Code § 29–104.12(d); D.C. Super. Ct. R. Civ. P 4(h)(1)). In 2009

the Mayor created the DCRA Corporations Division to serve at its designee for service of corporate process. *Robinson*, 10 F. Supp. 3d at 161–62 (citing *Designation of Officers to Accept Service of Process on Behalf of the Mayor,* 56 D.C. Reg. 34, 6804 (Aug. 21, 2009) ("Whenever such registered agent cannot with reasonable diligence be found at the registered office, and the Mayor, therefore, has become an agent upon whom process may be served against the business entity, the DCRA Corporations Division is hereby designated to accept Service of Process on the Mayor's behalf.")) (cleaned up).

The D.C. Code further requires that "[s]ervice on the Mayor of the process, notice, or demand shall be made by delivering or leaving with the Mayor, or his designee, duplicate copies of the process, notice, or demand. If any process, notice, or demand is so served, the Mayor shall immediately cause one of the copies to be forwarded by registered or certified mail to the entity at its principal office or at its last known address." D.C. Code § 29–104.12(d).

> The court in *Robinson* allowed service under these provisions after the plaintiff
>
> showed reasonable diligence in her repeated, but failed, attempts at serving process on Ergo's registered agent, Jason Henderson, at his listed address. She hired a process server who documented at least seven attempts to serve Henderson. Most of those attempts included evidence suggesting that Henderson (or others living at his residence) were actively dodging the process server. *See, e.g.,* Pl.'s First Mot. for Extension ¶ 5 ("People in house, knocked several times they would not answer the door."); Hagood Stmt. ("Occupants would not open the door and/or run inside of the residence.").

*Robinson*, 10 F. Supp. at 162 (some citations to the record omitted). Given the factual similarities between *Robinson* and this case, the court finds the method of service in that case is also appropriate here.

Accordingly, Plaintiff shall serve defendant Yu Lin Corporation d/b/a 1 FISH 2 FISH in the manner proscribed in D. C. Code § 29–104.12(d). Once Plaintiff obtains proof that the Corporations Counsel office has "forwarded [the Complaint and Summons] by registered or certified mail to the entity at its principal office or at its last known

address," Plaintiff shall file evidence of such proof and the corporate entity's answer or other response to the Complaint shall be due within twenty days of Plaintiff's filing.

## C. Motion to Amend the Complaint

As this lawsuit is still in its infancy, and there is no evidence that allowing Plaintiff to amend the Complaint to add an additional Plaintiff would cause "undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility," *Richardson*, 193 F.3d at 548–49 (citations omitted), the court will grant Plaintiff's motion.

## IV.    CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss will be DENIED. Plaintiff's motion to amend the Complaint, to extend the service due date and use alternative means for service will be GRANTED.

Date:  September 30, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge