# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

No. 24-5065                      **September Term, 2024**

FILED ON: APRIL 14, 2025

WILLIAM SKEWES-COX,
            APPELLANT

v.

GEORGETOWN UNIVERSITY LAW CENTER AND DEPARTMENT OF EDUCATION OFFICE FOR CIVIL RIGHTS,
            APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-00818)

---

Before: KATSAS, RAO, and GARCIA, *Circuit Judges*

## J U D G M E N T

This appeal was considered after oral argument on the briefs and the district court record. The Court has afforded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the district court's order be **AFFIRMED**.

\*      \*      \*

After graduating from Georgetown University Law Center, William Skewes-Cox sued the school, asserting claims under the Rehabilitation Act of 1973. The district court gave Skewes-Cox two chances to serve process on Georgetown. It then dismissed Skewes-Cox's suit for failure to effect service and, in the alternative, for failure to state a claim. Because we agree that Skewes-Cox did not properly serve Georgetown, we affirm.

## I

The plaintiff's complaint and other filings detail the following events: William Skewes-Cox was diagnosed with cancer during his third and final year of law school at Georgetown. In March 2021, during his final semester, Skewes-Cox underwent surgery to treat a malignant kidney

tumor. "The surgery resulted in severe pain and additional emergency hospital stays, which limited [Skewes-Cox's] ability to perform academic work." J.A. 9 ¶ 10. Skewes-Cox therefore contacted Georgetown about potential disability accommodations. One professor initially granted him an academic accommodation, allowing him to turn in a draft of a paper late. Because the draft was late, the professor did not provide feedback until shortly before the final paper was due, potentially affecting Skewes-Cox's final grade in that class. After the semester ended (and Skewes-Cox graduated), he raised "a grading concern" with Georgetown's administration. *See* J.A. 10 ¶ 11. Georgetown "treated" his claim "as a formal grade petition." *Id.* During a meeting about the petition, "the Associate Dean for Academic Affairs . . . told [Skewes-Cox] that the issues he was having in the course were the result of the disability accommodations he had requested and that if [he] did not want these problems[,] he should have turned in the draft on time despite his disability." J.A. 10 ¶ 12. The Associate Dean then denied Skewes-Cox's grade petition.

In March 2022, after receiving his bar license, Skewes-Cox filed this suit pro se in the district court. Skewes-Cox alleged that Georgetown "discriminated against [him] when" the administration "used the fact that [he] had sought accommodation for a disability against [him] during an academic grading dispute." J.A. 8 ¶ 2. He claimed that Georgetown violated Section 504 of the Rehabilitation Act, which guarantees that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program . . . receiving Federal financial assistance." 29 U.S.C. § 794(a).[1]

To demonstrate service of process, Skewes-Cox docketed a declaration attesting that he had personally served Georgetown by mail. After initially defaulting, Georgetown appeared in court and moved to set aside the default and dismiss the complaint, arguing in part that Skewes-Cox had not properly served the law school. The district court agreed that Skewes-Cox "failed to properly serve Georgetown because he personally mailed the service documents in violation of [Federal] Rule 4(c)(2)." J.A. 31. The court gave Skewes-Cox forty-five additional days to effect service.

Skewes-Cox attempted once more to serve Georgetown by mail. To prove service, Skewes-Cox docketed a certified mail receipt, a USPS delivery screenshot, and a declaration in which a third party attested that she had served Georgetown by mail. Georgetown again moved to dismiss. Georgetown argued that Skewes-Cox lacked standing and that his complaint failed to state a claim. Georgetown also contended that it still had not been properly served, as Skewes-

---

[1] Before filing this lawsuit, Skewes-Cox also filed an administrative complaint with the Department of Education's Office of Civil Rights (OCR). OCR dismissed the complaint and denied Skewes-Cox's administrative appeal. In district court, Skewes-Cox then brought claims against OCR, challenging his complaint's dismissal under the Administrative Procedure Act. The district court dismissed Skewes-Cox's claims against OCR, however, and our court summarily affirmed the dismissal.

Cox had again personally mailed the summons and complaint and had not shown that service was effected on an agent authorized to accept service for Georgetown.

The district court granted Georgetown's motion to dismiss. The court found that Skewes-Cox had failed to properly serve Georgetown because he had "signed his own name and address on the envelope" and thus had "again personally sent his complaint and summons to Georgetown via certified mail." J.A. 97 n.1. In the alternative, the court concluded that Skewes-Cox had failed to state a claim. Skewes-Cox timely appealed.

## II

"[F]ederal courts lack the power to assert personal jurisdiction over a defendant unless the procedural requirements of effective service of process are satisfied." *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (quotation omitted). The plaintiff bears the burden of demonstrating that those requirements were met. *Id.*

Federal Rule of Civil Procedure 4 outlines the requirements for effecting service. Rules 4(e) and 4(h) together provide that a corporation (like Georgetown) may be served by "following state law for serving a summons in . . . the state where the district court is located." Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(h)(1)(A). Rule 4(c) specifies that service must be completed by a "person who is at least 18 years old and not a party." *See* Fed. R. Civ. P. 4(c)(2). We review a district court's dismissal for lack of service for abuse of discretion. *See Morrissey v. Mayorkas*, 17 F.4th 1150, 1156 (D.C. Cir. 2021).

## A

The district court concluded that Skewes-Cox failed to properly serve Georgetown because he violated Federal Rule 4(c)'s prohibition on personal service. We affirm the district court's dismissal for lack of service but do so on alternate grounds. *See United States ex rel. Heath v. AT&T, Inc.*, 791 F.3d 112, 123 (D.C. Cir. 2015) ("We . . . can affirm a judgment on any basis adequately preserved in the record below."). We hold (as Georgetown consistently argued below) that Skewes-Cox offered no evidence showing he had served Georgetown's qualified agent and so could not demonstrate that he had properly effected service of process.

The D.C. Superior Court Rules—the relevant "state" service of process rules—permit plaintiffs to serve corporations by mail. *See* D.C. Super. Ct. R. Civ. P. 4(c)(4). To prove effective service by mail under D.C. law, however, a plaintiff must show that the summons and complaint were delivered to a recipient authorized to accept service of process. *See Bulin v. Stein*, 668 A.2d 810, 813–14 (D.C. 1995). For corporations, the D.C. rules describe that a qualified recipient includes an "officer, a managing or general agent, or any other agent authorized . . . to receive service of process." D.C. Super. Ct. R. Civ. P. 4(h)(1)(B). As the D.C. Court of Appeals has repeatedly emphasized, it is not sufficient to show merely that the summons and complaint have arrived at the office of the entity served or were received by an employee not authorized to accept service of process. *See, e.g., Leichtman v. Koons*, 527 A.2d 745, 747 n.4 (D.C. 1987) ("An agent

3

must have actual authority [to receive service of process]; an office employee with authority to receive business communications and mail does not, by virtue of his or her position, have authority to receive process under the Superior Court Rules." (citing *Morfessis v. Marvins Credit, Inc.*, 77 A.2d 178, 179–80 (D.C. 1950))); *see also Eldridge v. District of Columbia*, 866 A.2d 786, 787 (D.C. 2004) (per curiam); *Larry M. Rosen & Assocs., Inc. v. Hurwitz*, 465 A.2d 1114, 1117 (D.C. 1983).

Skewes-Cox has not shown that Georgetown's authorized agent received the summons. Skewes-Cox never docketed a "return receipt," the mechanism typically used to demonstrate who received a mailed summons. *See* J.A. 3–5; *see also* D.C. Super. Ct. R. Civ. P. 4(c)(4) (requiring request of "return receipt"). Nor did he offer other documentation showing who received the mailed complaint. Skewes-Cox provided only an affidavit and receipt proving the complaint was sent, and a delivery screenshot showing the envelope was received by a "Front Desk/Reception/Mail Room." *See* J.A. 35–37.

Georgetown repeatedly noted that Skewes-Cox's service was defective because he had not shown that he served a qualified agent. It raised the issue in its first motion to dismiss, again in its second motion to dismiss and reply, and once more in its briefing to our court. Skewes-Cox nonetheless offered little answer to this point, either in his filings before the district court or in his opening brief. Below, he did not claim to have properly served a qualified agent; he contended only that he made a good-faith attempt to identify a qualified agent but was unable to do so. On appeal, his only responses are raised cursorily in footnotes (and so are potentially forfeited, *see Morrissey*, 17 F.4th at 1161 n.8). *See* Appellant's Brief 15 n.1; Reply Brief 15 n.2. Even if properly presented, the arguments are unpersuasive. Skewes-Cox first argues service was proper because "the summons and complaint in fact came to [Georgetown's] attention within a reasonable time after delivery." Appellant's Brief 15 n.1. But Skewes-Cox relies on a D.C. Small Claims Court rule that has no applicability to this case. *See* D.C. Super. Ct. Sm. Cl. R. 4(c)(2); D.C. Code § 11-1321. Second, Skewes-Cox suggests that he satisfied the requirements of the D.C. rules because he addressed his summons and complaint to the correct university office, Georgetown's Office of General Counsel. If Skewes-Cox could show that the General Counsel personally received his mailing, that would suffice to demonstrate effective service on an authorized agent— as Georgetown acknowledged at oral argument. But Skewes-Cox offers no such evidence of personal receipt by the General Counsel (or anyone else authorized to receive service). And the relevant caselaw is clear: Proof of delivery to an employee or mailroom at the correct office does not amount to proof of receipt by the qualified agent. *See Leichtman*, 527 A.2d at 747 n.4; *Eldridge*, 866 A.2d at 787.

Because he did not demonstrate that he served an agent authorized to receive service of process, Skewes-Cox failed to show that he properly effected service.

**B**

Skewes-Cox argues that, rather than affirming the district court's dismissal, we should instead grant him a third chance to properly serve Georgetown. The district court did not

explicitly address whether Skewes-Cox should be granted that opportunity, though by finding the case could be dismissed for failure to perfect service, it implicitly determined that he should not. A remand for the district court to address that question in the first instance is unwarranted here.

Skewes-Cox would be entitled to another opportunity to effect service of process if he could show "good cause for the failure." Fed. R. Civ. P. 4(m). "Good cause exists when some outside factor, rather than inadvertence or negligence, prevented service"—such as "a defendant's intentional evasion of service." *Mann*, 681 F.3d at 374 (cleaned up). No such good cause exists here. Skewes-Cox claims his failure to effect service was due in part to a purported error by the Postal Service: He requested a return receipt but never received one. Skewes-Cox does not, however, describe any steps he took to follow up with the Postal Service, to otherwise verify who received the summons, or to re-serve the summons. Nor is this a situation where Skewes-Cox lacked "fair notice of the requirements for serving process." *Angellino v. Royal Fam. Al-Saud*, 688 F.3d 771, 778 (D.C. Cir. 2012) (cleaned up). In both of its motions to dismiss, Georgetown highlighted that Skewes-Cox was required to show he had effected service on an authorized agent. That requirement is also clear from the case law (including cases that Georgetown cited).

Courts also have discretion to extend the time for service even in the absence of good cause. *See Mann*, 681 F.3d at 375–76. On this front, Skewes-Cox emphasizes his pro se status. But Skewes-Cox was a barred attorney, not an ordinary "unsophisticated *pro se* litigant[] as to whom latitude should be given to correct their mistakes." *Id.* at 376; *see also Spence v. Dep't of Veterans Affs.*, 109 F.4th 531, 538 (D.C. Cir. 2024). Because Georgetown's filings put Skewes-Cox on notice that his service was deficient in this respect, and because he was already granted a second chance to properly effect service, he is not entitled to a third opportunity to serve Georgetown. *See Morrissey*, 17 F.4th at 1160.

### III

Having found that we lack personal jurisdiction over Georgetown, we do not reach the district court's alternative ruling that Skewes-Cox failed to state a claim. *See Simpkins v. D.C. Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997) ("[T]he usual practice" is for a court to "first, determine if service of process has been properly accomplished, and only if it has, proceed to the Rule 12(b)(6) determination."). Similarly, because we affirm the dismissal for lack of personal jurisdiction, we are not required to take up Georgetown's argument that Skewes-Cox lacks standing. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999) ("[S]ubject-matter jurisdiction necessarily precedes a ruling on the merits, [but] the same principle does not dictate a sequencing of jurisdictional issues," as a "court that dismisses" for want of "personal jurisdiction, before finding subject-matter jurisdiction, makes no assumption of law-declaring power that violates . . . separation of powers principles." (quotation omitted)).

\*      \*      \*

For the foregoing reasons, we affirm the district court's dismissal of Skewes-Cox's complaint.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

<u>**Per Curiam**</u>

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk