# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SOLON PHILLIPS
*on behalf of*,
REMUS ENTERPRISES 1, LLC

     *Plaintiff*,

   v.

YONI NASI,

     *Defendant.*

Civil Action No. 25-200 (RDM)

## MEMORANDUM OPINION AND ORDER

On January 23, 2025, Plaintiff filed his complaint in this action, asserting claims of malicious use of process and abuse of process relating to Defendant's filing of an allegedly "bogus, nonsensical lawsuit" against Plaintiff in the "Circuit Court in Montgomery County." Dkt. 1 at 1 (Compl.). Plaintiff has yet to serve Defendant, and, on March 6, 2025, he moved for leave to provide "alternative service" because "Defendant [was] obviously avoiding service of process." Dkt. 5 at 1. The Court denied Plaintiff's motion because he had not "adequately explained and documented his efforts to locate and to serve the Defendant before moving for alternative service." Min. Order (Mar. 6, 2025). Two months have now passed, but Plaintiff still has failed to provide the Court with either proper support for his request to provide alternative service or proof of service, as required by Federal Rule of Civil Procedure 4(m).

Notwithstanding these failings, the Court will *sua sponte* extend Plaintiff's deadline to effectuate service until May 20, 2025. If Plaintiff does not effectuate service on or before that date or demonstrate good cause to further extend the deadline, the Court will dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve.

**A.**

According to Plaintiff, Defendant sued him "for a number of causes of action in Maryland and recorded a number of *lis pendenses* on Plaintiff's properties in the District of Columbia." Dkt. 5 at 1. Plaintiff, in turn, countersued Defendant, and the matter was set for trial on February 18 and 19, 2025. *Id.* Plaintiff moved for summary judgment, and in October 2024, the Maryland court granted that motion and dismissed the Defendant's complaint. *Id.* According to Plaintiff, the Maryland court also directed Defendant to "cancel all of the recorded *lis pendenses* on Plaintiff's properties." *Id.* But, on Plaintiff's telling, his countersuit in the Maryland action "remained." *Id.*

Once the recorded *lis pendenses* were cancelled, Plaintiff filed suit in this Court, alleging that Defendant engaged in malicious prosecution in the Maryland litigation. *Id.* at 2. After Plaintiff filed this case, Defendant's counsel in the Maryland case filed a "motion with the Maryland court requesting a Hebrew interpreter for Defendant for the February 18-19 Trial." *Id.* Plaintiff then "emailed Defendant's attorney a copy of *this* Court's summons and complaint and the waiver request" and "alerted Defendant's attorney that he would have a process server at the February [2025] Trial to serve Defendant this Court's summons." *Id.* (emphasis added).

But on the day that the Maryland trial was scheduled to commence, Defendant did not "show up." *Id.* According to Plaintiff, when asked to explain Defendant's absence, Defendant's counsel "gave some sort of excuse that still does not make sense to this day." *Id.* As relevant here, Plaintiff states that he attempted to serve Defendant's attorney with a "copy of the summons and complaint" in this case but that Defendant's counsel "appears to not have accepted service on Defendant's behalf." *Id.* Plaintiff "simply does not know because Defendant's attorney has ignored all correspondence regarding service." *Id.*

Given that series of events, Plaintiff asked this Court for permission to serve Defendant "by electronic mail when other means have been attempted and when it is clear that Defendant is attempting to avoid service." *Id.* at 2–3. In the alternative, he requested permission to effectuate service on Defendant's "attorney who is actively representing him in the sister case in Maryland." *Id.* The Court denied that motion on the ground that Plaintiff had failed "adequately [to] explain[] and [to] document his efforts to locate and to serve Defendant before moving for alternative service." Min. Order (March 6, 2025). Nothing has occurred in this case in the two months that have passed since then.

**B.**

Federal Rule of Civil Procedure 4(m) provides the time limits for service and the consequences of failing to provide proper service. It states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

To properly serve an individual, a copy of the summons and the complaint must be delivered to him personally, left at his dwelling or place of abode, or delivered to one of his agents, *see* Fed. R. Civ. P. 4(e)(2), or the summons must be served in accordance with state law where the district court is located or where service is made, Fed. R. Civ. P. 4(e)(1). Under D.C. law, one method of service is "by any form of mail addressed to the person to be served and requiring a signed receipt." D.C. Code § 13-431(a). If the defendant is a "corporation, . . . partnership or other unincorporated association," service must be effectuated in the manner for serving an individual or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment." Fed. R. Civ. P. 4(h); *see also* D.C. Code § 29-104.12(c) ("Service may be made by handing a copy of the process, notice, or

3

demand to an officer of the entity, a managing or general agent of the entity, or any other agent authorized by designation or by law to receive service of process for the entity[.]"); D.C. Sup. Ct. Civ. R. 4(h). "With respect to either individuals or corporations, service on counsel is proper only when counsel is an agent authorized to receive service." *Johnson-Richardson v. Univ. of Phoenix*, No. 18-3016, 2020 WL 7318004, at *2 (D.D.C. Dec. 11, 2020) (noting that "[m]ultiple decision in this district have recognized that counsel of record is not an authorized agent simply by virtue of representing the defendant in the lawsuit").

Here, Plaintiff has failed to offer any evidence that Defendant has authorized his counsel in the Maryland litigation to accept service in this case. The Court is unpersuaded that, "simply by virtue of representing" Defendant in the Maryland lawsuit, Defendant's counsel became his authorized agent for purposes of accepting service of process in other cases. *Johnson-Richardson*, 2020 WL 7318004, at *2.

Neither the federal rules nor the D.C. rules, moreover, authorize service of the summons and complaint by electronic mail. *See* Fed. R. Civ. P. 4; D.C. Code § 13-431. The D.C. Superior Court Rules of Civil Procedure do authorize the judges of that court to permit a plaintiff to serve a defendant using an alternative method of service, including electronic mail, but only after determining that the plaintiff made diligent efforts to effect service through the regularly prescribed means and only after the plaintiff has demonstrated that the defendant has used the proposed email account for correspondence in the past 6 months. *See* D.C. Super. Ct. R. Civ. P. 4(e)(3). Because Plaintiff has failed to make either showing, the Court remains unpersuaded that this is a case in which service by email is warranted.

## C.

Service is now more than 90 days overdue, which might justify dismissing the action without prejudice. The Court will, however, *sua sponte* extend Plaintiff's deadline to effectuate service until May 20, 2025. If Plaintiff does not effectuate service on or before that date or does not demonstrate good cause to further extend the deadline, the Court will dismiss the action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service in a timely manner. *See Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012).

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 6, 2025